**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **CONSUMER DEFENSE, LLC,** *et al.***,** <br><br> Defendants. | Case No. 2:18-cv-00030-JCM-PAL <br><br> **STIPULATION AND ORDER CONTINUING HEARING ON PRELIMINARY INJUNCTION AND CONTINUING TEMPORARY RESTRAINING ORDER** |

The FTC, the Receiver, and Defendants Jonathan Hanley and Sandra Hanley, by and through their undersigned counsel, and *pro se* Defendant Benjamin Horton hereby stipulate and agree as follows:

1. The parties seek a continuance of the January 24, 2018 hearing on the order to show cause why a preliminary injunction should not be entered for at least two weeks, to occur on or after February 7, 2018.  Accordingly, Defendants shall appear on **Wednesday, February 7, 2018 at 10:00 a.m.**, at the United States Courthouse, **Courtroom 6A,** Las Vegas, Nevada, to show cause, if any there be, why this Court should not enter a preliminary injunction, pending final ruling on the complaint, against Defendants enjoining them from further violations of the FTC Act and the Mortgage Assistance Relief Services Rule, continuing the freeze of their assets, continuing the receivership over the receivership entities, and imposing such additional relief as may be appropriate.

2. Defendants shall file with the Court and serve on FTC counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order.  The

FTC may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the order to show Cause hearing.  Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (PST) on the appropriate dates set forth in this Section.

3. An evidentiary hearing on the FTC's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

4. Except as provided in Section 5 below, the Temporary Restraining Order entered on January 10, 2018 (ECF No. 12) shall continue in full force and effect as to Defendants until after the rescheduled hearing on the order to show cause.

5. The asset freeze provisions of the Temporary Restraining Order are hereby modified as follows:

    a. Defendants Jonathan Hanley, Sandra Hanley, and Benjamin Horton each may retain and spend income received from employment unrelated to mortgage assistance relief services performed after the date of entry of this Order;

    b. Defendants Jonathan Hanley, Sandra Hanley, and Benjamin Horton each may retain and spend assets acquired by loan or gift after the date of entry of this Order only after identifying such assets to FTC counsel; provided, however, that this section does not apply to loans or gifts valued at less than $500

6. This agreement shall be without prejudice to any party.

**IT IS SO STIPULATED.**

| | |
|---|---|
| */s/Adam M. Wesolowski* | */s/Matthew Lewis (by permission)* |
| ADAM M. WESOLOWSKI<br>GREGORY A. ASHE<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20850<br>Telephone: 202-326-3068 (Wesolowski)<br>Telephone: 202-326-3719 (Ashe)<br>Facsimile: 202-326-3768<br>Email: awesolowski@ftc.gov; gashe@ftc.gov | MATTHEW LEWIS<br>Ray, Quinney & Nemeker<br>36 South State Street<br>Suite 1400<br>Salt Lake City, UT 84111<br>Telephone: 801-532-1500<br>Facsimile: 801-532-7543<br>Email: mlewis@rqn.com<br><br>Attorney for Defendants Jonathan Hanley and Sandra Hanley |

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790

333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

| | |
|---|---|
| */s/Andrew Robertson (by permission)* | */s/Benjamin Horton (by permission)* |
| ANDREW ROBERTSON<br>EDWARD CHANGE<br>McNamara Smith LLP<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619-269-0400<br>Facsimile: 619-269-0401<br>Email: arobertson@mcnamarallp.com,<br>echang@mcnamarallp.com<br><br>Attorneys for Thomas McNamara, Court-appointed Receiver | BENJAMIN HORTON<br>Defendant *pro se* |

**IT IS SO ORDERED.**

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2018