DAVID C. SHONKA
Acting General Counsel
ADAM M. WESOLOWSKI
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3068 (Wesolowski)
Telephone: 202-326-3719 (Ashe)
Facsimile: 202-326-3768
Email: awesolowski@ftc.gov, gashe@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSUMER DEFENSE, LLC, *et al*.,<br><br>    Defendants. | **Case No. 2:18-cv-00030-JCM-PAL**<br><br>**FTC'S OPPOSITION TO THIRD PARTY PHILLIP HANLEY'S MOTION FOR SUBROGATION** |

Plaintiff, Federal Trade Commission, hereby submits its opposition to third party Phillip Hanley's motion to require the FTC to certify Mr. Hanley's right of subrogation.[1]  (ECF No. 32.)

---

[1] The FTC notes that Mr. Hanley also filed an "Answer" to the FTC's motion for preliminary injunction.  (ECF No. 33.)  The FTC will include its response to Mr. Hanley in its reply brief due on February 14.  (*See* ECF No. 30 at 2 (deadline for filing FTC reply brief).)

1

Because Mr. Hanley has not satisfied any of the elements necessary to assert equitable subrogation, his motion should be denied.

Subrogation is an equitable remedy appropriate where: "(1) Payment [was] made by the subrogee to protect his own interest. (2) The subrogee [has] not . . . acted as a volunteer. (3) The debt paid [was] one for which the subrogee was not primarily liable. (4) The entire debt [has] been paid. (5) Subrogation [would] not work any injustice to the rights of others." *Han v. United States*, 944 F.2d 526, 529 (9th Cir. 1991) (internal citations omitted). "[S]ubrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. . . . Subrogation places the party paying the loss or claim (the 'subrogee') in the shoes of the person who suffered the loss ('the subrogor'). Thus, when the doctrine of subrogation applies, the subrogee succeeds to the legal rights and claims of the subrogor with respect to the loss or claim." *Hamada v. Far East Nat'l Bank (In re Hamada)*, 291 F.3d 645, 649 (9th Cir. 2002); *In re Flamingo 55, Inc.*, 378 B.R. 893, 905-06 (Bankr. Nev. 2007).

Here, Mr. Hanley has failed to demonstrate any element necessary to establish a right of subrogation. Most critically, Mr. Hanley has not identified any payment he has made on behalf of any Defendant related to any debt arising out of this action. Mr. Hanley, the father of Defendant Jonathan Hanley and a former employee of Defendants' mortgage assistance relief operation (*see, e.g.*, ECF No. 7-6 at 63), was served with a copy of the Temporary Restraining Order entered in this case in his capacity as a potential third party asset holder or as a possible Rule 65(d)(2) person subject to the TRO. Fed. R. Civ. P. 65(d)(2) (injunctions apply to the parties' "employees" and others "who are in active concert or participation" with the parties). To the extent that he maintains any assets or documents related to Defendants, Section VI of the TRO requires Mr. Hanley only to "hold, preserve, and retain" those assets and documents and prohibit Defendants from accessing them. (ECF No. 12 at 11-13.) Nothing in the TRO requires Mr. Hanley to make any payment to the FTC, nor has the FTC requested that Mr. Hanley do anything more than review the TRO and determine what his obligations may be under the order.

Not having made any payments, there is no basis for subrogation.  Accordingly, the Court should deny Mr. Hanley's motion.

Dated: February 12, 2018                                      Respectfully submitted,

                                                     DAVID SHONKA
                                                     Acting General Counsel

                                                     */s/ Gregory A. Ashe*
                                                     ADAM M. WESOLOWSKI
                                                     GREGORY A. ASHE
                                                     Federal Trade Commission
                                                     600 Pennsylvania Ave, N.W., CC-10232
                                                     Washington, DC 20580
                                                     Telephone: 202-326-3068 (Wesolowski)
                                                     Telephone: 202-326-3719 (Ashe)
                                                     Facsimile: 202-326-3768
                                                   Email: awesolowski@ftc.gov, gashe@ftc.gov

                                                   DAYLE ELIESON
                                                   United States Attorney
                                                   BLAINE T. WELSH
                                                   Assistant United States Attorney
                                                   Nevada Bar No. 4790
                                                   333 Las Vegas Blvd. South, Suite 5000
                                                   Las Vegas, Nevada 89101
                                                   Telephone: (702) 388-6336
                                                   Facsimile: (702) 388-6787

                                                  Attorneys for Plaintiff
                                                  FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on February 12, 2018, **FTC'S OPPOSITION TO THIRD PARTY PHILLIP HANLEY'S MOTION FOR SUBROGATION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Abran E. Vigil
Blaine T. Welsh
Gregory A. Ashe
Edward T. Chang
Adam M. Wesolowski
Gregory A. Miles

The undersigned counsel further certifies that the documents will be emailed, overnighted, and/or hand-delivered to the following non-CM/ECF participants:

Andrew Robertson
Karra Porter
J.D. Lauritzen
Benjamin Horton (Defendant *pro se*)
Phillip Hanley

*/s/ Gregory A. Ashe*
Attorney for Plaintiff Federal Trade Commission