ALDEN F. ABBOTT
General Counsel
ADAM M. WESOLOWSKI
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3068 (Wesolowski)
Telephone: 202-326-3719 (Ashe)
Facsimile: 202-326-3768
Email: awesolowski@ftc.gov, gashe@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **CONSUMER DEFENSE, LLC,** *et al.*, <br><br> Defendants. | **Case No. 2:18-cv-00030-JCM-PAL** <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT BENJAMIN HORTON** |

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on January 8, 2018, by filing its Complaint (ECF No. 1) seeking a permanent injunction and other equitable relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009), as

clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010), 12 U.S.C. § 5538. On motion by the FTC, on January 10, 2018, the Court entered an *ex parte* Temporary Restraining Order with asset freeze, appointment of receiver, and other equitable relief against Defendants (ECF No. 12). On February 20, 2018, the Court entered a Preliminary Injunction against Defendants. (ECF No. 55). Now, the FTC and the Receiver, by and through their undersigned counsel, and Defendant Benjamin Horton *pro se* stipulate and agree to the entry of this Stipulated Final Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant Horton participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 12 C.F.R. Part 1015, in connection with the marketing and sale of mortgage assistance relief services.

3. Defendant Horton neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Horton admits the facts necessary to establish jurisdiction.

4. Defendant Horton waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.    Defendant Horton and the FTC waive all rights to appeal or otherwise challenge or
      contest the validity of this Order.

6.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "**Assisting others**" includes:

1.  performing customer service functions, including receiving or responding to consumer
    complaints;

2.  formulating or providing, or arranging for the formulation or provision of, any
    advertising or marketing material, including any telephone sales script, direct mail
    solicitation, or the design, text, or use of images of any Internet website, email, or other
    electronic communication;

3.  formulating or providing, or arranging for the formulation or provision of, any marketing
    support material or service, including web or Internet Protocol addresses or domain name
    registration for any Internet websites, affiliate marketing services, or media placement
    services;

4.  providing names of, or assisting in the generation of, potential customers;

5.  performing marketing, billing, or payment services of any kind; or

6.  acting or serving as an owner, officer, director, manager, or principal of any entity.

B.  "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e.,
    easily noticeable) and easily understandable by ordinary consumers, including in all of the
    following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

C.  "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.  "**Corporate Defendants**" means

Consumer Defense, LLC (a Nevada LLC); Consumer Link, Inc.; Preferred Law, PLLC;

American Home Loan Counselors; American Home Loans, LLC; Consumer Defense Group,

LLC (f/k/a Modification Review Board, LLC); Consumer Defense, LLC (a Utah LLC);

Brown Legal, Inc.; AM Property Management, LLC; FMG Partners, LLC; Zinly, LLC, and

their successors and assigns.  **"Individual Defendants"** means Jonathan P. Hanley, Benjamin

R. Horton, and Sandra X. Hanley.

D.  **"Financial product or service"** means any product, service, plan, or program represented,

expressly or by implication, to:

1.  provide any consumer, arrange for any consumer to receive, or assist any consumer in

receiving, a loan or other extension of credit;

2.  provide any consumer, arrange for any consumer to receive, or assist any consumer in

receiving, credit, debit, or stored value cards;

3.  improve, repair, or arrange to improve or repair, any consumer's credit record, credit

history, or credit rating; or

4.  provide advice or assistance to improve any consumer's credit record, credit history, or

credit rating.

E.  **"Person"** means any individual, group, unincorporated association, limited or general

partnership, corporation, or other business entity.

F.  **"Secured or unsecured debt relief product or service"** means:

1.  With respect to any mortgage, loan, debt, or obligation between a person and one or more

secured or unsecured creditors or debt collectors, any product, service, plan, or program

represented, expressly or by implication, to:

a.  stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.  negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c.  obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.  negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.  obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. repay one or more unsecured loans, debts, or obligations; or

   b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

## ORDER

### BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

I.   **IT THEREFORE IS ORDERED** that Defendant Horton is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service. *Provided, however*, that this Section I shall not prohibit Defendant Horton, in any jurisdiction where he is licensed to practice law, from directly rendering routine legal services (1) to clients with whom he has an attorney-client relationship in connection with new or existing bankruptcy proceedings or estate planning, or (2) in connection with the closing and execution of real estate transactions. *Provided, further*, that this Section I shall not be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or state bar.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

II.   **IT IS FURTHER ORDERED** that Defendant Horton, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. the terms or rates that are available for any loan or other extension of credit, including:

1. closing costs or other fees;

2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3. the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B. the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or

C. that a consumer will receive legal representation; or

1
2
3

D. any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

4
5
6
7
8
9
10
11
12

**III.**     **IT IS FURTHER ORDERED** that Defendant Horton, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

13
14
15
16

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

17
18
19
20

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

21
22

C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

23

D. the person who will provide any product, service, plan, or program to any consumer;

24
25
26
27

E. that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.  that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

G.  any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IV.  **IT IS FURTHER ORDERED** that Defendant Horton, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendant Horton possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

V.  **IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Fifteen Million Five Hundred Seventy-Seven Thousand Six Hundred Fifty-Five Dollars and Sixty-Three Cents ($15,577,655.63) is entered in favor of

the FTC against Defendant Horton, jointly and severally with any other Defendant in this action against whom judgment may be entered, as equitable monetary relief.

B. The judgment as to Defendant Horton is suspended, subject to the Subsections below.

C. Upon entry of this Order, the asset freeze as to Defendant Horton is dissolved.

D. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Horton's sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely the Financial Statement of Individual Defendant Benjamin Horton signed on February 20, 2018, including the attachments; and the email transmitted by Defendant Horton to the FTC on March 28, 2018.

E. The suspension of the judgment will be lifted as to Defendant Horton if, upon motion by the FTC, the Court finds that he failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant Horton in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G. Defendant Horton relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J. Defendant Horton acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which he previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

K. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant Horton has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

**VI.**   **IT IS FURTHER ORDERED** that Defendant Horton, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. If a representative of the FTC requests in writing any information related to redress, Defendant Horton must provide it, in the form prescribed by the FTC, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of mortgage assistance relief services; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

**COOPERATION**

**VII.**   **IT IS FURTHER ORDERED** that Defendant Horton must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated

with the transactions or the occurrences that are the subject of the Complaint.  Defendant Horton must provide truthful and complete information, evidence, and testimony. Defendant Horton must appear for interviews, discovery, hearings, trials, and any other proceedings that a FTC representative may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as a FTC representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

**VIII.** **IT IS FURTHER ORDERED** that Defendant Horton obtain acknowledgments of receipt of this Order:

A.  Defendant Horton, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Defendant Horton for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which Defendant Horton delivered a copy of this Order, Defendant Horton must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

### COMPLIANCE REPORTING

IX.   **IT IS FURTHER ORDERED** that Defendant Horton make timely submissions to the FTC:

A.   One year after entry of this Order, Defendant Horton must submit a compliance report, sworn under penalty of perjury:

1.   Defendant Horton must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with him; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Horton must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2.   Additionally, Defendant Horton must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any

ownership interest; and (c) describe in detail his involvement in each such
business, including title, role, responsibilities, participation, authority, control,
and any ownership.

B.    For 10 years after entry of this Order, Defendant Horton must submit a compliance
notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Defendant Horton must report any change in:  (a) any designated point of contact;
or (b) the structure of any Corporate Defendant or any entity that he has any
ownership interest in or controls directly or indirectly that may affect compliance
obligations arising under this Order, including:  creation, merger, sale, or
dissolution of the entity or any subsidiary, parent, or affiliate that engages in any
acts or practices subject to this Order.

2.    Additionally, Defendant Horton must report any change in:  (a) name, including
aliases or fictitious name, or residence address; or (b) title or role in any business
activity, including any business for which he performs services whether as an
employee or otherwise and any entity in which he has any ownership interest, and
identify the name, physical address, and any Internet address of the business or
entity.

C.    Defendant Horton must submit to the FTC notice of the filing of any bankruptcy
petition, insolvency proceeding, or similar proceeding by or against him within 14
days of its filing.

D.    Any submission to the FTC required by this Order to be sworn under penalty of
perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by
concluding: "I declare under penalty of perjury under the laws of the United States of

1  America that the foregoing is true and correct. Executed on: _____" and supplying

2  the date, signatory's full name, title (if applicable), and signature.

3  E.  Unless otherwise directed by a FTC representative in writing, all submissions to the

4  FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight

5  courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau

6  of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

7  Washington, DC  20580.  The subject line must begin:  FTC v. Consumer Defense,

8  X180017.

9

10  **RECORDKEEPING**

11  **X.**  **IT IS FURTHER ORDERED** that Defendant Horton must create certain records for 10

12  years after entry of the Order, and retain each such record for 5 years.  Specifically,

13  Defendant Horton for any business that he, individually or collectively with any other

14  Defendants, is a majority owner or controls directly or indirectly, must create and retain

15  the following records:

16

17  A.  accounting records showing the revenues from all goods or services sold;

18  B.  personnel records showing, for each person providing services, whether as an

19  employee or otherwise, that person's:  name; addresses; telephone numbers; job title

20  or position; dates of service; and (if applicable) the reason for termination;

21  C.  records of all consumer complaints and refund requests, whether received directly or

22  indirectly, such as through a third party, and any response;

23

24  D.  all records necessary to demonstrate full compliance with each provision of this

25  Order, including all submissions to the FTC; and

26  E.  a copy of each unique advertisement or other marketing material.

27

**COMPLIANCE MONITORING**

XI.   **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Horton's compliance with this Order, including the financial representations upon which part of the judgment was suspended, and any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the FTC, Defendant Horton must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the FTC is authorized to communicate directly with Defendant Horton.  Defendant Horton must permit representatives of the FTC to interview any employee or other person affiliated with him who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Horton or any individual or entity affiliated with Defendant Horton, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the FTC, any consumer reporting
agency must furnish consumer reports concerning Defendant Horton, pursuant to
Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**ENTRY OF JUDGMENT**

**XII.   IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this
judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk
immediately shall enter this Order as a final judgment as to Defendant Horton.

**RETENTION OF JURISDICTION**

**XIII.   IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for
purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

_James C. Mahan_
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2018

**IT IS SO STIPULATED.**

1

2

3
ADAM M. WESOLOWSKI                    BENJAMIN R. HORTON
GREGORY A. ASHE                       Defendant *pro se*

4
Federal Trade Commission
600 Pennsylvania Avenue NW

5
Washington, DC 20850
Telephone: 202-326-3068 (Wesolowski)
Telephone: 202-326-3719 (Ashe)

6
Facsimile: 202-326-3768

7
Email: awesolowski@ftc.gov; gashe@ftc.gov

8
DAYLE ELIESON
United States Attorney
BLAINE T. WELSH

9
Assistant United States Attorney
Nevada Bar No. 4790

10
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101

11
Phone: (702) 388-6336
Facsimile: (702) 388-6787

12
Attorneys for Plaintiff

13

14
ANDREW ROBERTSON
EDWARD CHANG

15
McNamara Smith LLP
655 West Broadway, Suite 1600

16
San Diego, CA 92101
Telephone: 619-269-0400

17
Facsimile: 619-269-0401
Email: arobertson@mcnamarallp.com,

18
echang@mcnamarallp.com

19
Attorneys for Thomas McNamara, Court-
appointed Receiver

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on May 31, 2018, **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT BENJAMIN HORTON** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

      Abran E. Vigil
      Blaine T. Welsh
      Gregory A. Ashe
      Edward T. Chang
      Adam M. Wesolowski
      Karra J. Porter
      Gregory A. Miles

The undersigned counsel further certifies that the documents will be emailed, overnighted, and/or hand-delivered to the following non-CM/ECF participants:

      Andrew Robertson
      J.D. Lauritzen
      Benjamin Horton (Defendant *pro se*)

                    */s/ Adam M. Wesolowski*
                    Attorney for Plaintiff Federal Trade Commission