UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER DEFENSE, LLC, et al.,<br><br>Defendants. | Case No. 2:18-cv-00030-JCM-PAL<br><br>**ORDER**<br><br>(Mots. File Under Seal – ECF Nos. 46, 58) |

This matter is before the court on defendants' Motions for Leave to File Exhibits Under Seal (ECF No. 46, 58).[1] These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. Plaintiff Federal Trade Commission ("FTC") did not file a response to the motions and the deadline to do so has now expired.

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and LR IA 10-5 of the Local Rules of Practice, defendants request permission to file under seal Exhibits A and B to their memorandum of points and authorities in opposition (ECF No. 44) to the FTC's Emergency Ex Parte Motion for Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue. ECF Nos. 5, 6.[2] Exhibit A, numbered Consumer Defense 1–37008, consists of 464 volumes of loan modification documents, and Exhibit B, numbered Consumer Defense 37009–38309, represents 19 volumes of defendants' client documents "related to the FTC's declarants." The motions state that most of the documents contain personal identification information and defense

---

[1] The second motion is duplicative as it requests permission to file under seal the same documents in connection with the same memorandum of points and authorities (ECF No. 44).

[2] The district judge entered the FTC's proposed orders granting injunctive relief on January 10 and February 20, 2018, respectively. ECF Nos. 12, 55. The pending motions were subsequently referred to the undersigned magistrate judge.

1

counsel represents they do not have the manpower or time to redact the personal information.

Notably, Exhibits A and B are not filed on the court's docket. Defendants submitted an unmarked flash drive (*i.e.*, memory stick) to the Clerk of the Court before February 23, 2018. *See* Notice of Non Compliance with LR IC 1-1(d) (ECF No. 60).[3] The flash drive appears to store Portable Document Format (PDF) versions of all 38,309 documents contained in Exhibits A and B. Defendants did not file a notice of manual filing. *Id.* It is unclear whether the district judge or the FTC ever received a copy of Exhibits A and B. Defendants' proposed order (ECF No. 46-1) would instruct the clerk's office to file the exhibits on CM/ECF under seal on their behalf and limit service of the exhibits to service on the FTC. In addition, defendants submitted a sealed filing providing a basic index of the volumes and corresponding document numbers contained within Exhibits A and B. Sealed Ex. (ECF No. 59) (Ex A, Vols. 1–464, Consumer Defense 1–37008; Ex. B, Vols. 1–19, Consumer Defense 37009–38309). ECF 59 itself contains no personally identifying information.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Local Rules of Practice state that the court's electronic files constitute its official record. LR IA 1-1(e). With the limited exception of the documents defined in LR IC 1-1(c)(12), counsel must electronically file *all submissions* to the court through the CM/ECF system. This includes all exhibits, LR IA 10-3, LR IC 2-2, and sealed documents, LR IA 10-5, LR IC 4-1. A document filed in camera, as opposed to one filed under seal, is not made part of the record, and the document is viewed only by the court, not by other parties or the public. LR IA 10-4. In camera review is disfavored and its application is generally confined to situations where the court resolves a dispute regarding an asserted privilege. *See, e.g.*, *Nishika, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998). Documents filed under seal, on

---

[3] ECF Nos. 58 and 59 indicate receipt by the clerk's office on February 14, although they were not entered on the docket until February 22. Because defendants did not file a notice of manual filing, it is unclear whether the flash drive was delivered to the clerk's office at the same time, or whether the district judge or the FTC had any notice that defendants delivered a flash drive to the clerk's office. The undersigned's staff retrieved the flash drive from the clerk's office just prior to drafting this order.

2

1  the other hand, can be viewed by the court and other parties but not by the public, and the document
2  is part of the record. LR IA 10-5. Defendants did not ask the court to conduct an in camera review
3  of the documents.

4  Here, defendants' exhibits are not one of the limited exceptions for electronic filing defined
5  in LR IC 1-1(c)(12). Defendants' submission of the flash drive did not add the exhibits to the
6  court's official record. If the Defendants want the exhibits included as part of the record,
7  defendants must electronically file Exhibits A and B through the CM/ECF filing system, and link
8  the filing to its Memorandum (ECF No. 44).

9  In *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), the Ninth
10 Circuit clarified the legal standard for overcoming the presumption of public access to judicial
11 documents and records. When deciding what test to apply to a motion to seal a particular court
12 filing—the presumptive "compelling reasons" standard or the "good cause" exception—district
13 courts typically examine whether the materials are attached to a "dispositive" or "nondispositive"
14 motion. *Id*. at 1097–98. However, the Ninth Circuit explained that its case law looks past the
15 literal dispositive / nondispositive label because "public access to filed motions and their
16 attachments does not merely depend on whether the motion is technically 'dispositive'." *Id*. at
17 1101. Rather, courts should examine "whether the motion at issue is more than tangentially related
18 to the underlying cause of action." *Id*.; *see also, e.g.*, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026
19 (9th Cir. 2014); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana*, 447
20 F.3d at 1179; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–36 (9th Cir. 2003);
21 *Phillips v. General Motors*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). The Ninth Circuit has now
22 held that a motion for preliminary injunction is "more than tangentially related to the merits" of a
23 case, and the compelling reasons standard applies. *Center for Auto Safety*, 809 F.3d at 1101.

24 When documents contain personal-data identifiers, including but not limited to social
25 security and financial account numbers, the parties must redact such information from all
26 documents and exhibits submitted to the court. Fed. R. Civ. P. 5.2; LR IC 6-1(a). A party making
27 a redacted filing may also file an unredacted copy under seal to be retained by the court as part of
28 the record. LR IC 6-1(b). However, the Ninth Circuit has made clear that the sealing of entire

documents is improper when confidential information can be redacted to leave meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (citing *Foltz*, 331 F.3d at 1136–37). Thus, even where a court determines that disclosure of information may result in particularized harm, and the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether redacting confidential portions of the material will leave meaningful information available to the public. *Id*.

The court's review of the subject documents reveals that Exhibits A and B are replete with the personal data identifiers, including third parties' full names, home addresses, financial account numbers, phone numbers, email addresses, and signatures. There is no question that disclosure of such extensive personal data identifiers may result in particularized harm. Although public policy favors access to court records, Rule 5.2 and Local Rule IC 6-1 recognize that such records could easily become a treasure trove for identity thieves. Here, the need to protect a large amount of personal data qualifies as a "compelling reason" for sealing in connection with the FTC's motions. Defendants acknowledge that Exhibits A and B contain personal identification information that may not be publically filed, but they do not "have the manpower or time to redact all of the personal information." Mot. ¶ 3. The sheer volume of documents (over 38,000), and vast number of personal data identifiers in each document make redactions impractical. *See Foltz*, 331 F.3d at 1136–37. Redactions cannot be accomplished with "minimal effort;" rather, they would require significant time and manpower. *Id*. The court therefore finds compelling reasons for Exhibits A and B to be sealed.

Defendants are instructed to comply with the Local Rules of Practice regarding electronic filing procedures in any future filings. Failure to follow the Local Rules and CM/ECF filing requirements will delay and complicate the court's review of the docket. Counsel are responsible for informing themselves and instructing their staff regarding the correct electronic filing procedures. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is

available on the court's website.  Defendants are cautioned that the court may strike from the record any prospective filings that fail to comply with the Local Rules.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion for Leave to File Exhibits Under Seal (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART**.

2. If defendants wish the exhibits to be made part of the record defendants shall have until **September 4, 2018** to electronically FILE Exhibits A and B through the CM/ECF filing system in compliance with LR IC 2-2 and LINK the new filing to its Memorandum (ECF No. 44).

3. Defendants' Motion for Leave to File Exhibits Under Seal (ECF No. 58) is **DENIED as duplicative**.

4. The Clerk of the Court is instructed to **UNSEAL** the Sealed Exhibit (ECF No. 59), which contains no confidential information.

Dated this 21st day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE