UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br>v.<br>CONSUMER DEFENSE LLC, et al.,<br><br>                              Defendants. | Case No. 2:18-cv-0030-JCM-PAL<br><br>ORDER<br><br>(Mot Quash Subpoenas – ECF No. 154)<br>(Mot Compel – ECF No. 159) |

Before the court is defendant Jonathan Hanley's Motion to Quash Subpoenas (ECF No. 154). Also before the court is defendant Jonathan Hanley's Motion to Compel Production of Records from the Receiver (ECF No. 159). The court has considered the motions, plaintiff's Opposition to the Motion to Quash Subpoenas (ECF Nos. 163), the Receiver's Opposition to the Motion to Compel (ECF No. 166), and Hanley's Reply to the Receiver's Opposition (ECF No. 173).

## **BACKGROUND**

This is an action filed by plaintiff, Federal Trade Commission ("FTC") under Section 13(b) of the Federal Trade Commission Act and the 2009 Omnibus Appropriations Act, as clarified and amended. On January 10, 2018, the district judge entered an ex parte temporary restraining order ("TRO") at the request of the FTC freezing the defendants' assets, appointing a receiver, and granting other equitable relief against the defendants.

On February 15, 2018, the district judge held a hearing on an order to show cause why a preliminary injunction should not be issued against the defendants. Following the hearing, he entered a preliminary injunction (ECF No. 55). The preliminary injunction made findings of fact and prohibited the defendants, their officers, agents, employees and attorneys, and all other persons in active concert or in participation with them from engaging in specified business activities. The

1

preliminary injunction also prohibited the defendants, their officers, agents, employees and attorneys, and other persons in active concert or in participation with them from collection of advanced fees, required certain specified disclosures, and the release of customer information. The preliminary injunction imposed an asset freeze, specified the duties of asset holders and other third parties, required certain financial disclosures, foreign asset repatriation, and that the defendants not interfere with repatriation. The preliminary injunction also permitted the FTC to obtain consumer credit reports and directed the defendants, their officers, agents, employees and attorney and all other persons in active concert or participation with them to preserve records and report new business activity. Additionally, the preliminary injunction continued the receivership and outlined the duties and authority of the receiver, ordered the transfer of receivership property to the receiver and required the defendants to immediately provide the receiver with information, and cooperate with the receiver. Finally, the preliminary injunction imposed a stay prohibiting and enjoining the defendants and all others acting for or on behalf of those seeking to establish or enforce any claim right or interest by or on behalf of the defendants from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities.

On August 2, 2018, the court approved the parties' stipulated discovery plan and scheduling order which requested special scheduling review. The discovery plan and scheduling order (ECF No. 121) established a March 15, 2019 discovery cutoff and an April 15, 2019 deadline to file dispositive motions. On December 26, 2018, the court granted the parties' Stipulation (ECF No. 170) extending the discovery cutoff until June 14, 2019, with dispositive motions due July 15, 2019. *See* Scheduling Order (ECF No. 171).

Pro se defendant Jonathan Haley seeks to quash two non-party subpoenas the FTC served on The Los Angeles Rams and the University of Utah arguing the FTC is engaging in a fishing expedition, the documents sought are not relevant and the discovery requested creates an undue burden. The FTC opposes the motion arguing neither of the non-parties has claimed compliance with the subpoenas would create an undue burden, and that the subpoenas were narrowly tailored. The FTC served these subpoenas to identify the purchaser of football tickets and source of payment

of those tickets based on information provided by the Receiver.  Haley's purchase and use of the tickets is relevant to whether he has violated the TRO and PI, and undermine claims made in his motion for release of funds for living and legal expenses. The FTC's opposition outlines other reasons why discovery sought be these subpoenas is relevant. The RAMs produced four pages of documents responsive to the subpoena served on it and the University of Utah produced nine pages. The FTC also maintains the motion to quash was filed in the wrong court and that Hanley has no standing to seek to quash.

Hanley's Motion to Compel seeks an order compelling the court appointed Receiver, Thomas McNamara ("McNamara") to produce email accounts over which the Receiver has had full administrative control based on the Receiver's report of January 24, 2018.  Hanley says he has requested production of and access to these email accounts which are crucial to his affirmative defenses "specifically, that dilatory actions of third parties directly obstructed corporate Defendants ability to effectively do their job."  Additionally, the emails will show that several of the FTC declarants perjured themselves and mislead the court.  He believes there is a strong possibility that this perjury occurred at the direction of, or assistance of FTC investigators.

The Receiver opposes the motion arguing that he had a productive relationship with the Hanley's counsel, but since counsel was granted leave to withdraw "that has not been the case" with Mr. Hanley.  Counsel for the Receiver claims Hanley has been demanding, belligerent and has threatened to sue FTC declarants and third parties, issued sweeping discovery across the country and promised to make things "complex very quickly."  The Rules Hanley cites in his motion only apply to parties and the Receiver is not a party and therefore not subject to the Rules cited in support of Hanley's motion.

Additionally, the Receiver represents that on December 8, 2018 he produced copies of the limited Receivership Entities' emails in his possession requesting that Hanley withdraw his motion to compel.  Counsel for the Receiver also explained to Hanley that he had previously provided Hanley with copies of every email account that had been copied, and that he should be able to get a copy of the mailboxes from the FTC.  Counsel for the FTC therefore requests that the motion be denied and sanctions in the form of attorneys' fees and costs incurred be assessed to deter future

3

1 misconduct that wastes judicial resources and the assets of the Receivership Estate. The opposition is supported by the declaration of counsel and multiple exhibits.

**DISCUSSION**

Having reviewed the moving and responsive papers the court finds both motions are meritless. The subpoenas issued to the Rams and the University of Utah were issued to out-of-state non-parties who have not objected to producing the requested documents or claimed that compliance with the subpoenas would create an undue burden. The FTC has articulated multiple persuasive reasons why the discovery sought is relevant.

Hanley's motion to compel does not attach a copy of the discovery request showing it was served on either a party or non-party for the emails he seeks in discovery either under a Request for Production served under Fed. R. Civ. P. or a subpoena served under Fed. R. Civ. P. 45. Hanley has also not complied with the requirements of Local Rule 26-7 (b) &(c). Moreover, the declaration of counsel for the Receiver indicates that the emails in the Receiver's possession which were obtained from the FTC were either produced or available through the FTC. The Receiver asks for attorneys' fees to deter Hanley from wasting judicial resources and dissipating receivership assets by filing unnecessary unfounded motions.

The court finds that both motions are indeed a waste of judicial resources and an unnecessary dissipation of the assets of the receivership estate. Hanley is warned that sanctions will be imposed for any future abusive litigation misconduct requiring the court, the parties, or non-parties to expend unnecessary resources on motion practice. Hanley may obtain discovery authorized by the Federal Rules of Civil Procedure. He may not, however, serve discovery requests on parties or non-parties "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" nor may he serve discovery that is "unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P 26(g)(B).

**IT IS ORDERED** that:

1. Hanley's Motion to Quash Subpoenas (ECF No. 154) is **DENIED**.

2. Hanley's Motion to Compel Production of Records from the Receiver (ECF No. 159) is **DENIED**.

3. **Hanley is warned that filing of frivolous motions, motions which do not comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice, and/or motions filed for any improper purpose is abusive litigation conduct which may result in the imposition of monetary and other sanctions, including reasonable costs and attorneys' fees caused by the violation, up to and including a recommendation to the district judge of case dispositive sanctions.**

DATED this 22nd day of February 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE