Jonathan Hanley
3241 East Granite Point Circle
Sandy Utah 84092
801-913-5504 |
Jonathanhanley22@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

CONSUMER DEFENSE, LLC, *et. al.,*

    Defendants.

**CASE NO. 2:18-CV-00030-JCM-BNW**

**DEFENDANTS REQUEST FOR ADDITONAL TIME TO REPLY**

    Defendant, Jonathan Hanley ("Hanley"), in respectfully asking that this court grant him 7 additional days to respond to Plaintiff FTC's Motion to Determine Sufficiency of Answers states as follows:

    The nature and importance of this motion have required a substantial amount of time to craft a proper response. Hanley has prepared a response in connection with the portion of the motion that corresponds to the FTC Firsts Request for Admission of Fact. The response is written but requires further perfection concerning exhibits and a Declaration. The draft response is attached. (Hanley Decl. Att. A.)

DEFENDANTS REQUEST FOR ADDITONAL TIME TO REPLY - 1

The research has been commenced for crafting a proper response to the part of the motion at bar concerning the FTC's second request for admission of fact, but a version that is suitable for filing is not even close to being ready.

This is the first request for an extension of time to file a pleading that Hanley has made during the pendency of this litigation. Hanley sent counsel for FTC an e-mail requesting additional time, but it was sent very late in the evening.

The breadth of motion practice that is occurring at this point in the litigation is substantial and time consuming. Hanley is *pro se* and while he should be held to the same standards as opposing counsel the logistics of effectively handling this litigation with the Motion Practice at hand is very difficult.

Accordingly, I ask this Court grant 7 additional days, or until May 22nd to reply to The FTC's Motion to Determine Sufficiency of Answers.

Dated: May 15th 2019　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan Hanley
　　　　　　　　　　　　　　　　　　　　　　Jonathan P. Hanley

**IT IS SO ORDERED**

**DATED: May 17, 2019**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

DEFENDANTS REQUEST FOR ADDITONAL TIME TO REPLY - 2

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23rd, 2019 I filed a true and correct copy of the **DEFENDANTS MOTION FOR ADDITONAL TIME TO REPLY IN OPPOISTION OF FTC'S MOTION TO DETERMINE USFFICIENCY OF ANSWERS.** with the United States District Court for the District of Nevada and delivered same to all parties of interest via e-mail:

GREGORY A. ASHE
JASON SCHALL
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719
Facsimile: 202-326-3768
E-mail: gashe@ftc.gov; jschall@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail:blaine.welsh@usdoj.gov

Attorneys for Plaintiff Federal Trade Commission

ANDREW ROBERTSON
EDWARD CHANG
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619-269-0400
Facsimile: 619-269-0401
E-Mail: arobertson@mcnamarallp.com, echang@mcnamarallp.com

Attorneys for Thomas McNamara, Court-Appointed Receiver

Dated May 15th 2019                     /s/ Jonathan Hanley_____
                                         Jonathan Hanley, Defendant

DEFENDANTS REQUEST FOR ADDITONAL TIME TO REPLY - 3

**DECLARATION OF JONATHAN HANLEY**

I, Jonathan Hanley, have made every diligent effort to file a timely response to the FTC's Motion to Determine Sufficiency of Answers. I have attached of the draft that has been composed up to this point. However, it is unsuitable for filing and requires additional work.

Sworn to under penalty of perjury.                    /s/ Jonathan Hanley
                                                      Jonathan Hanley

Jonathan Hanley
3241 East Granite Point Circle
Sandy, UT 84092
801-913-5504 |
Jonathanhanley22@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER DEFENSE, LLC, *et. al.,*<br><br>Defendants. | CASE NO. 2:18-CV-00030-JCM-BNW<br><br>**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION** |

Defendant Jonathan Hanley ("Hanley") opposes Plaintiff Federal Trade Commission's (FTC) Motion to Determine the Sufficiency of Answers to Requests for Admission and respectfully requests that this Court deny the motion. A proposed order is attached. In opposition of the Motion Hanley states as follows:

I.   **Background**

The FTC files this motion in connection with Hanley's timely responses to 556 Request for Admission of Fact. In their background statement (ECF. No. 208 *at* 2:13- 17) the FTC represents to this Court that their second request for admission was served on December 26th

2018 and then ultimately responded to on February 27th 2018. The FTC misrepresents this fact to the Court as the actual response was served in a timely manner on January 24th 2019. (Hanley Decl. ¶ 3.)

The FTC further misrepresents the facts of the case at this point. Their complaint certainly makes very serious allegations against the defendants. These allegations are misguided and wrong. The FTC has already responded to hundreds of Hanley requests for admission wherein consumer received modified mortgages with features such as 0% to 3% interest rates, millions of dollars of forgiven principal, tens of millions of dollars of deferred principal and mortgage payments wherein the savings to consumers typically ranged from 20% to 40% savings. This litigation is abusive and a perversion of the unchecked powers that are at the FTC's disposal. It is important to note that the FTC is now *vehemently* attempting to avoid responding to additional meritorious requests for admission that have been propounded by Hanley. Their evasive tactics have been raised in a pending Motion for Extension of Discovery that has been filed by Hanley. (ECF No. 216.)

II.   MEET AND CONFER EFFORTS BETWEEN THE PARTIES

Meet and confer efforts took place on several occasions between the FTC and previous counsel for Hanley as well as between Hanley and the FTC. In all instances Hanley and Counsel for Hanley stated their unwavering position as to the responses that were filed and the corresponding objections. On March 8th 2019 Hanley received an e-mail from FTC counsel regarding responses to requests for admission. (Id. ¶ 4 Att. B.) On April 12th 2019 Hanley sent an e-mail regarding a call summary from their April 2nd 2019 call.

From previous experience it appeared as though it was either professional practice, or courtesy, to send a summarization of a meet and confer call. Hanley held his own meet and confer call with FTC counsel on April 9th 2019 and sent a detailed 6-page letter to FTC counsel the next day stating "Please see the attached summary of our phone call yesterday…If you feel anything is not accurately represented please let me know". (Id. ¶ 5 Att. C & D.)

On April 12th 2019 Hanley requested such a summary from FTC counsel and they instructed him to defer to their March 9th 2019 e-mail that was sent 33 days prior. On the April 2nd 2019 call Hanley affirmatively stated that he was standing on his previous counsel responses on November. In the instant motion FTC counsel states that a meet and confer call took place on October 31st 2019. FTC counsel followed up that call with a detailed 4-page summary letter the very next day. Whether a requirement, or just courtesy, Hanley never received such a letter from FTC counsel with respect to their April 2nd meet and confer.

One reason for FTC counsel abstaining from sending a summary letter is that Hanley affirmatively stated he was standing on his responses and would not revises his responses as indicated in an April 12th 2019 e-mail which stated in part "…I just don't necessarily recall where we agreed to disagree and I wouldn't reply any further". (Id. ¶ 6 Att. D.) This e-mail was his third in connection with a summary letter Hanley presumed FTC counsel would send as per their previous practices. In any event, the third e-mail clearly states "…agree to disagree and I wouldn't reply any further" (Id.)

III.  **LEGAL STANDARD**

It should be noted that Hanley previously indicated, in writing to FTC counsel on April 12th 2019, that there would be no further reply. Counsel for FTC has replied, in response to Hanley's meet and confer requests, with one sentence responses, indicating there would be no revision of

their responses. Id. ¶ 7 Att. E.)  Essentially, what's good for the goose should be equally good for the gander.

The more substantive aspects of the instant motion require a more in-depth discussion.

Fed. R. Civ. P. 36 requests are beneficial in complex litigation.  The FTC raises the issue that many of the response are boiler plate, otherwise identical or evasive.  These arguments do not have merit.

The party opposing discovery has the burden of showing that the discovery is irrelevant, overly broad, or unduly burdensome.  Graham v. Casey's General Stores, 206 F.R.D. 251, 253–4 (S.D.Ind.2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. Id., citing Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 387 (N.D.Ill.1990) and Walker v. Lakewood Condominium Owners Assoc., 186 F.R.D. 584, 587 (C.D.Cal.1999). "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery have the burden to show the relevancy of the request." Marook v. State Farm Mutual Auto. Ins. Co., 259 F.R.D. 388, 394–95 (N.D.Iowa 2009), quoting Cunningham v. Standard Fire Ins. Co., 2008 WL 2902621 at * 1 (D.Colo.).

Parties resisting discovery carry the heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant. Teller v. Dogge, No. 2:12–cv–00591–JCM, 2013 WL 1501445 (D.Nev. Apr.10, 2013) (Magistrate Judge Foley) (citing Graham v. Casey's General Stores, 206 F.R.D. 251, 253–4 (S.D.Ind.2000).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 4

(C.D.Cal.1999). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. Id. (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)).

Therefore, the party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524 (D.Nev.1997) (citations omitted); Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D.Kan.2005).

The court has broad discretion in controlling discovery, see Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988), and in determining whether discovery is burdensome or oppressive. Diamond State Ins. Co. v. Rebel Oil. Inc., 157 F.R.D. 691, 696 (D.Nev.1994). The court may fashion any order which justice require to protect a party or person from undue burden, oppression, or expense. United States v. Columbia Board. Sys., Inc., 666 F.2d 364, 369 (9th Cir.1982) cert. denied, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982).

### IV.     DEFENDANTS RESPONSES

**1.      Requests 78-82 and 180-82**

The FTC takes issue with requests 78-82, and 180-182 as they proffer nearly identical responses. This is true as the requests are identical. It's reasonable that multiple identical requests will result in identical responses. These requests concern payroll records. The initial response to all of the requests was that "Defendants cannot admit or deny Request No. [ ] on the grounds that it does not have access to it's payroll records. Defendant [ ] therefore denies Request No. [ ].

There are multiple problems with the FTC's grievances as to No's 78-82 and 180-182. These requests seek an admission with respect to documentation that is either in the FTC's possession or under the control of the receiver. The initial response from the defendants was to neither admit or deny the request on the grounds that they do not have access to the information and accordingly deny the request. After a meet and confer call the defendants further qualify their response, on October 24th 2018, that the FTC should have access to the records as the defendants do not. During a second call on October 31st 2018, the response is even further refined stating that the receiver would have the records in question. It was at the FTC's request and recommendation that Receiver Thomas McNamara ("McNamara") be appointed so there should be no reason the FTC can't access the records so that a more clearly defined response can be offered. At no point has the FTC stated that:

    1.    The records or organizational charts exist.

    2.    Volunteered to produce the documents for examination.

    3.    The FTC references documents as the basis for an admission that they have never offered to produce and may not even exist.

    4.    No exhibits are attached to this motion that refer or relate to payroll records or 'organizational charts'.

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 6

How can the FTC make these requests for admission which specifically refer to documentation and then fail to attach the corresponding documents?

If the FTC would care to produce documents that are referred to in requests No.'s 78-82 and 180-182 the defendants would be more than happy to examine them.  It should be noted that Hanley has offered to produce, and has produced, documents to the FTC in connection with their responses to his RFA's so that they may more effectively respond. (Hanley Decl. ¶ 8 Att. F.)

Accordingly, the request for admission as to 78-82 and 180-82 are sufficient.  However, Hanley has no objection to examining any records the FTC would care to produce.  For the time being the Court should deny the motion as to requests 78-82 and 180-82.

### 2. Requests 164-77

Again, we have a grievance regarding an identical response to identical requests.  These requests concern MARS disclosures on defendant's website.  Again, we have a poorly written request. "Admit that the internet website [ ] did not contain the following disclosure [ ]".  It is a common fact that websites are constantly evolving and changing with content constantly being added, removed or altered".  During the deposition of Jonathan Hanley and several times during the course of this litigation Hanley has offered the names of different businesses and web developers that he has worked with.  Has the FTC elected to send any subpoenas to these companies or developers?  No.  Has the FTC even attempted to depose one of Hanley's web developers to ask them about the content of the defendant's website?  No.  Has the FTC had complete and full disclosure as the various companies that Hanley has worked with? Yes.

In these requests there is no reference to a time frame, or even an attempt at a vague statement such as 'at all times pertinent to this litigation'.  If the request was more properly

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 7

crafted, or drafted as an interrogatory, to the extent of 'Has website [ ] ever had the following disclosure [ ]? If so, when? Then a more detailed response would have been possible. The requests as worded merited the stated objection that no time period is designated. The issue the FTC takes with the response to these requests is that the response isn't qualified. The response to the requests was addressed on 2 additional occasions. On each instance the response was further qualified and on October 31st 2018 further qualified that the defendants did not have access to the sites as the sites had been disabled and did not recall the extent of the content. It should be noted that one of defendants sites, which is not addressed in these requests, contains each and every disclosure as required per MARS (Hanley Decl. ¶ 9.) Considering:

    a. The FTC chose not to pursue multiple additional paths relative to this particular discovery the least of which would have been depositions of the developers or subpoenas to the hosting platforms or developers.

    b. The information was readily made available by Hanley on multiple occasions as to who maintained and developed the sites and the FTC is attempting to penalize Hanley for their failure to act with due diligence.

Accordingly, the instant motion concerning requests 164-177 should be denied.

### 3. Requests 178, 191 and 192

The objections raised with respect to these requests are very clear (ECF 208-1 *at* 2:14-20)

"Defendants object to these Requests for Admission to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, Local Rules of Civil Practice and Procedure of the United States District Court for the District of Utah ("Local Rules"), or the Court's scheduling order."

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 8

The FTC is seeking an overly broad admission concerning clients spanning 8 years of business of operations. In the responses the defendants responded to the best of their ability considering the vagueness of the requests. Again, no documentation or exhibits are attached to this motion. Defendant Preferred Law utilized contracts that were materially different than the other defendants, yet this request is all encompassing (Hanley Dec. ¶ 10.) With respect the collection of fees we again raise the objection of a vague unduly burdensome request. Does the request concern every single client that has ever done business with the defendants? The defendants attempted to respond in the best possible faith in responding: "Defendants [ ] admit that in certain instances, or under certain circumstances they collected fees…". But who does this requests refer to. Clients of Preferred Law? Clients of American Home Loans? The request is improper as to AM Property as it has never had any clients? Yet defendants reply in the most qualified manner possible considering the vague all-encompassing request.

Accordingly, this Court should deny the motion with respect to requests 178-191

Dated: May 16th 2019                                          Respectfully Submitted,

                                                              /s/ Jonathan Hanley
                                                              Jonathan P. Hanley

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 19th 2019 I filed a true and correct copy of **the DEFENDANTS OPPOSITION TO PLAINTIFF MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS** with the United States District Court for the District of Nevada and delivered same to all parties of interest via e-mail:

GREGORY A. ASHE
JASON SCHALL
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719
Facsimile: 202-326-3768
E-mail: gashe@ftc.gov; jschall@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail:blaine.welsh@usdoj.gov

Attorneys for Plaintiff Federal Trade Commission

ANDREW ROBERTSON
EDWARD CHANG
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619-269-0400
Facsimile: 619-269-0401
E-Mail: arobertson@mcnamarallp.com, echang@mcnamarallp.com

Attorneys for Thomas McNamara, Court-Appointed Receiver

Dated December 21st 2018             /s/ Jonathan Hanley_____
                                     Jonathan Hanley, Defendant

DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS TO REQUEST FOR ADMISSION - 10