UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER DEFENSE, LLC, et al.,<br><br>Defendants. | Case No. 2:18-cv-00030-JCM-BNW<br><br>**ORDER** |

Presently before the court is defendant Jonathan Hanley's motion to extend discovery (ECF No. 216), filed on May 13, 2019. Plaintiff Federal Trade Commission filed a response (ECF No. 220) on May 20, 2019. Hanley filed a reply (ECF No. 227) on May 28, 2019. Hanley filed the motion and response on a pro se basis, but he is now represented by an attorney. (Notice of Appearance (ECF No. 233).) The court held a hearing on the motion on July 19, 2019. (Mins. of Proceedings (ECF No. 259).)

**I. Background**

The parties are familiar with the facts of the case and the court will repeat them here only as necessary. Hanley moves for a three-month extension of discovery. Fact discovery closed on May 4, 2019, and Hanley did not request the extension until after that deadline had expired. (Scheduling Order (ECF No. 171).) At the hearing, Hanley's attorney did not explicitly argue there is excusable neglect for Hanley's failure to timely file the motion, but he argued the equities in this case dictate that discovery should be reopened. For instance, he argued Hanley made his best efforts to diligently conduct discovery after his former counsel withdrew, including propounding various request for admission, but that he encountered difficulties given his pro se status and the large volume of documents disclosed in this case. Hanley further argued that because he is now represented by an attorney, reopening discovery would streamline discovery

and trial in this case. Hanley stated that he needs to depose the FTC's witness, among other discovery, to be able to oppose the FTC's pending motion for summary judgment (ECF No. 255).

The FTC responds that Hanley does not demonstrate excusable neglect for his failure to timely request an extension of discovery. The FTC further argues there is not good cause to reopen discovery because Hanley was not diligent in conducting discovery. The FTC represents that on March 25, April 2, April 5, April 24, and April 25, 2019, the parties discussed extending discovery. While the FTC represented that it did not consent to the extensions of discovery, in deference to Hanley's pro se status, during each meet-and-confer conference, it advised Hanley to file a motion to extend discovery, which he did not do until after the fact discovery deadline. At the hearing, however, the FTC stated that it would stipulate to extend time for Hanley to oppose the pending motion for summary judgment and to allow Hanley to depose the FTC's expert.

**II. Analysis**

*A. Extension of fact discovery*

Motions or stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." LR 26-4. "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.*; *see also* Fed. R. Civ. P. 16(a)(4) (stating that "a schedule may be modified only for good cause and with the judge's consent"). As stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard primarily considers the diligence of the party or parties seeking the extension. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

"A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4. In evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). It is within the court's discretion to determine whether excusable neglect exists. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, there is no indicia that Hanley acted in bad faith, and the court is sympathetic to the unique burdens faced by pro se parties. But Hanley does not articulate a clear reason for the delay in bringing the motion. The FTC represented at the hearing that it had met and conferred with Hanley regarding extending discovery on three separate occasions before fact discovery closed. Hanley did not dispute those representations and did not explain why he did not bring the motion before fact discovery closed. Given that fact discovery has already closed and that the FTC's dispositive motion is pending, a 90-day extension would cause significant delay in this case. As the FTC argued in its response, it would be prejudiced if fact discovery was reopened because it has an interest in seeing the prompt enforcement of the statutes it has been tasked with enforcing and because delay increases the risk that witnesses' memories will fade and evidence will become stale. Weighing these factors, the court in its discretion finds that Hanley does not demonstrate excusable neglect for his failure to timely request an extension of discovery and therefore will deny his motion. Even if Hanley had demonstrated excusable neglect, there does not appear to be good cause for reopening fact discovery given that the parties already have been allotted approximately ten months for discovery, which should have been sufficient time to diligently complete discovery in this case.

Regardless, as proposed by the FTC at the hearing, the court in its discretion will stay the deadline for responding to the motion for summary judgment to allow Hanley to depose the FTC's expert before having to respond to the motion for summary judgment.

*B. Requests for admission*

In his motion, Hanley references incomplete responses to requests for admission that he propounded on the FTC. It is unclear to the court whether Hanley seeks relief with respect to the requests for admission or whether he discussed them as an example of why he needs additional time for fact discovery. To the extent Hanley requests relief with respect to the requests for

admission, his motion is denied without prejudice, as he does not demonstrate he satisfied the court's meet-and-confer requirement on this issue. *See* LR 26-7(c).

### III. Conclusion

IT IS THEREFORE ORDERED defendant Jonathan Hanley's motion to extend discovery deadlines (ECF No. 216) is DENIED.

IT IS FURTHER ORDERED that the deadline to respond to the pending motion for summary judgment (ECF No. 255) is temporarily STAYED to allow Hanley to depose the FTC's expert witness before responding to the motion for summary judgment.

IT IS FURTHER ORDERED that by August 9, 2019, the parties must meet and confer and file a stipulation with a proposed schedule for (1) deposing the FTC's expert, and (2) filing responses and replies in support of the motion for summary judgment.

DATED: August 2, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE