# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:18-cv-00030-JCM-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| CONSUMER DEFENSE, LLC, et al., | |
| Defendants. | |

Presently before the court is Defendant Jonathan Hanley's Motion to Quash Subpoena (ECF No. 196), filed on March 12, 2019. The receiver who issued the subpoena responded (ECF No. 197) on March 15, 2019. Mr. Hanley did not file a reply. Instead, Mr. Hanley filed a motion for leave to amend his motion to quash with supplemental exhibits (ECF No. 200) on March 22, 2019, which is also presently before the court. The receiver responded (ECF No. 203) on April 5, 2019, and Mr. Hanley replied (ECF No. 204) on April 12, 2019.

**Background**

The parties are familiar with the facts of the case and the court will repeat them here only as necessary.

American Home Loan Counselors (AHLC) and Modification Review Board (MRB) are co-defendants of Mr. Hanley's in this case. They are also in receivership. (*See* ECF No. 55 at 18 ("Thomas W. McNamara shall continue to serve as receiver of the Receivership Entities with full powers of an equity receiver.").) At issue is a subpoena that the receiver issued to Parsons Behle & Latimer PLC (Parsons), the firm that allegedly previously represented MRB and AHLC, and critically, also Mr. Hanley. The subpoena seeks the client files of MRB and AHLC.

Mr. Hanley moves to quash this subpoena on the grounds that the client files of MRB and AHLC contain attorney-client privileged information. (ECF No. 196 at 2.)

The receiver responds that Mr. Hanley's motion should be denied on multiple grounds, including that (1) Parsons jointly represented MRB, AHLC, and Mr. Hanley. And because of this joint representation, the attorney-client privilege does not protect MRB and AHLC's files from disclosure to the receiver; (2) even if Mr. Hanley's attorney-client privilege previously protected the documents at issue, they have been disclosed to MRB and AHLC, so they are no longer protected by the attorney-client privilege; and (3) Mr. Hanley did not properly meet and confer with the receiver under the Local Rules before filing this motion. (*See* ECF No. 197.) The receiver also requests that the court impose sanctions on Mr. Hanley for "frivolous" and "abusive" litigation conduct." (*Id.* at 5.)

As noted above, Mr. Hanley did not file a reply in support of his motion to quash but instead filed a motion to amend his motion to quash with supplemental exhibits under LR 15-1. (*See* ECF No. 200.) Mr. Hanley attached several engagement letters and emails to this motion that he asserts "define the scope of the attorney client relationship." (ECF No. 200 at 1). Mr. Hanley appears to suggest that Parsons never jointly represented MRB, AHLC, and himself. (*See id.*) He writes that a "new engagement letter, which included receivership entities[,] was never entered into by Hanley despite repeated requests from Parsons to execute. Parsons withdrew their representation from Hanley when it became clear that Hanley did not intend for them to represent MRB & AHLC (the entities identified in the subpoena)." (ECF No. 200 at 2.)

The receiver responded to Mr. Hanley's motion, arguing that it should be denied on multiple grounds. (ECF No. 203.) The receiver argues that as a procedural matter, it was improper for Mr. Hanley to file his motion for leave to amend. (*Id.* at 2.) Substantively, the receiver argues that Mr. Hanley's new motion fails to establish that the receiver's subpoena should be quashed. (*Id.*) This is so, accordingly to the receiver, because (1) a signed contract is not necessary under Nevada law to create an attorney-client relationship; (2) Mr. Hanley's motion does not refute what Parson's attorney Jeffrey Corey stated under oath – that Parsons understood itself to be jointly representing Mr. Hanley and the two receivership entities; (3) Mr. Hanley's statement that an unsigned engagement letter confirms that Parsons did not represent Mr. Hanley and the two receivership entities is merely a legal interpretation from a non-lawyer; and (4) even if Parsons

never jointly represented Mr. Hanley and the receivership entities, the documents at issue have already been disclosed to the receivership entities, so the attorney-client privilege has been waived. (*Id.* at 3-5.)

Mr. Hanley's reply largely reiterates the points he made in his opening briefs. (*See* ECF No. 204.)

**DISCUSSION**

**A. Motion to Amend**

Mr. Hanley moves to amend his motion to quash under LR 15-1. Local Rule 15-1, however, discusses how to properly move to amend pleadings, not motions. Accordingly, Mr. Hanley did not properly move under LR 15-1 to amend his motion to quash.

The court notes that parties may file supplemental briefs and/or evidence with leave of court for good cause shown under Local Rule 7-2(g). Because Mr. Hanley is a *pro se* litigant, the court considered whether he demonstrated good cause for the court to consider the additional evidence submitted. The only explanation offered by Mr. Hanley for needing to supplement was that it took "some time for the[] new exhibits to be discovered[,] . . . which were believed to have been destroyed . . . ." (ECF No. 200 at 2.) This explanation is too vague for the court to find good cause to allow Mr. Hanley to amend his motion; the court does not know why Mr. Hanley believed the exhibits were destroyed or why it took additional time for the exhibits to be discovered and whether a further explanation on either subject would demonstrate good cause.[1] Accordingly, the court denies Mr. Hanley's motion to amend his motion to quash (ECF No. 200).

**B. Motion to Quash**

Before parties file discovery motions, they must meet and confer in an attempt to resolve their dispute. Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a discovery motion must include a certification that the movant has in good faith conferred or attempted to confer

---

[1] The court notes that in reviewing Mr. Hanley's motion to amend (ECF No. 200), it reviewed the attached exhibits. Had the court found good cause to allow Mr. Hanley to amend his motion to quash, consideration of these exhibits would not have changed the court's ruling on Mr. Hanley's motion to quash.

with the other party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1).

Additionally, Local Rule 26-7(c) provides that:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Under LR IA 1-3(f), "to 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order." "Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." *Id.*

If parties properly meet and confer and cannot resolve their discovery disputes, they may file discovery motions with the court. Such motions must contain legal authority supporting the movant's position. LR 7-2(a). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

Here, the court is concerned that Mr. Hanley did not comply with the meet and confer rules cited above. Mr. Hanley states that he attempted to meet and confer with counsel for the receiver (ECF No. 196 at 1), but counsel for the receiver declared under oath that Mr. Hanley never attempted to meet and confer with him in accordance with the Local Rules, and he would have been notified if Mr. Hanley reached out to someone else in his firm. (ECF No. 197-2 at ¶¶ 3-4 (Bhandari Decl.).) None of the documents that Mr. Hanley attached to his motion to quash (or motion to amend his motion to quash) call into question this sworn statement.

Additionally, Mr. Hanley did not comply with LR 7-2(a), as he did not cite authority in support of his assertion that the subpoenaed documents are protected by the attorney-client privilege. While the court reviewed the various engagement letters and emails that Mr. Hanley attached to his motion to quash and his motion to amend, these are not a substitute for a detailed legal analysis with citation to relevant authority. Mr. Hanley does not explain what law governs the attorney-client privilege in this case (*e.g.*, Nevada law or other), when an attorney-client relationship is formed under that law, or when a joint defense group is formed under that law. Accordingly, the court denies Mr. Hanley's motion to quash.

**C. Receiver's Request for Sanctions**

The court, in its discretion, denies the receiver's request for sanctions at this time. However, Mr. Hanley is advised that although the court will liberally construe his filings because he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Mr. Hanley is cautioned that any additional failures to comply with the court's rules or orders may subject him to sanctions.

IT IS THEREFORE ORDERED that Mr. Hanley's motion for leave to amend his motion to quash with supplemental exhibits (ECF No. 200) is DENIED.

IT IS FURTHER ORDERED that Mr. Hanley's Motion to Quash Subpoena (ECF No. 196) is DENIED.

DATED: October 9, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE