Jonathan Hanley
9144 Maison
Sandy, UT 84093
801-913-5504 |
Jonathanhanley22@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CONSUMER DEFENSE, LLC, *et. al.,*<br><br>    Defendants. | **CASE NO. 2:18-CV-00030-JCM-BNW**<br>**DEFENDANT'S REPLY TO PLAINTIFF'S**<br>**OPPOSITION TO REQUEST FOR 56(D)**<br>**RELIEF** |

Defendant, Jonathan Hanley ("Hanley"), in support of his Request for Relief Under Fed. R. Civ. P. 56(d) and in reply to Plaintiff FTC's opposition respectfully states as follows:

On July 16, 2019, Plaintiff filed its motion for summary judgment. (ECF No. 255.) On October 4, 2019, Defendant Hanley filed his opposition. (ECF No. 295.) As part of his opposition, Hanley filed a motion to re-open discovery pursuant to Federal Rule of Civil Procedure 56(d). (Id. at 1-17.) Hanley hereby files his reply in support of his request for Relief under Fed. R. Civ. P. 56(d).

It seems reasonable to state that the parties agree such relief is permissible and within the discretion of this Court. "The U.S. Supreme Court has noted that Rule 56(d) requires,

"rather than merely permit[s], discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.5 (1986)).

Hanley has never had the opportunity to access his and many other of the @americanhomeloans.com e-mail accounts.  These records are essential to opposing summary judgment. The question then becomes is it appropriate in this instance.  The answer is a resounding yes for the following reasons which will be discussed in detail below.

The Plaintiff is effectively using sleight of hand with respect to procedural facts, prior diligent efforts that were made by Hanley *well* before the close of discovery as well as the underlying exhibits Hanley has used in support of this 56(d) request.

Many of the authorities that the Plaintiff relies upon omit material procedural facts that are referenced with *specificity* in the opinions wherein the 56(d) requests are addressed by the authoring Judge(s).  In most many instances the defects are the failure to file a proper 56(d) declaration, providing no basis to demonstrate that what is requested exists, failing to make a compelling argument as to why the requested discovery is probative among others. None of these issues exists here.

### The Request for Relief Under Rule 56(d) is Timely

The matters that Hanley raises in his 56(d) request have been pending well before fact discovery closed. The Motion to Compel the Production of e-mails from the Receiver arose five

months *before* the close of discovery.[1]  There are additionally 2 fully briefed motions concerning Requests for Admission of Fact Hanley that propounded on the Plaintiff well before the close of fact discovery.  (ECF No.'s 257 & 276)

ECF No. 275 addresses the sufficiency of the Plaintiff's responses to Hanley's 2nd and 3rd Request for Admission of Fact which were propounded on March 4th 2019 2 months *before* the close of fact discovery.

ECF No. 276 asks this Court to admit all RFA's contained in Hanleys 7th, 8th, 9th and 10th Requests for Admission – which were propounded 1 month *before* the close of discovery. Plaintiff failed to reply in a timely manner and Hanley asks this Court to deem them admitted or, in the alternative, compel Plaintiff FTC to respond to the 8th, 9th and 10th Requests for Admission.  Plaintiff failed to respond to the 7th Request for Admission of Fact until 33 days after receipt and therefore Hanley has prayed that this Court deem them admitted without the need to determine their sufficiency.

To support the timeliness argument Plaintiff cites *Leslie v. Las Vegas Metro Police Dep't.* 2015 U.S. Dist. LEXIS 170154, at *12 (D. Nev. Dec. 18, 2015.)[2]  The nature of the 56(d)

---

[1]   The pending appeal on the Motion to Compel the Production of e-mails was filed on December 4th 2018 after repeated prior requests to counsel for the Receiver ("McNamara") as well as the FTC. (ECF No.159) Such requests were made by Hanley as early as November 26th 2018 (ECF No. 303 pg. 10 Att. A).  The e-mail accounts and the records therein for the @americanhomeloans.com e-mail accounts have never been produced.  It should be noted that the costs to maintain each e-mail account is $5.00 per month as evidenced by a 2015 g-suite bill for the initial accounts one of which was Hanley's jhanley@americanhomeloans.com account. (ECF No. 303-4 Att. B.)

[2]   Hanley does not have access to LEXIS so it may be necessary to cite the underlying ECF documents copies of which are attached hereto (EX. 1 Hanley Decl. with ECF attachments).  The order that Plaintiff cites in *Leslie* 2:14-cv-01430-JAD-VCF is ECF No. 58 and is included with EX. 1 as Att. A.

requests in *Leslie* concerns the production of security camera footage.  The Court noted in it's

December 18th 2015 order that Plaintiff knew about the possible existence of the video footage

*nine months before the close of discovery* during which time counsel for Plaintiff made no efforts

to obtain the footage.  In this District of Nevada case the Court reasoned:

> "Though Leslie's counsel represents that she learned of the possible existence of
> the video during Leslie's March 2015 deposition, it appears that she knew about
> the possible existence of a video as early as October 2014 because the video is
> referenced in Leslie's amended complaint: "[a]s a result of this incident, which was
> captured on video camera, which was located in a suitable position to record the
> entire event . . . ." ECF 24 ¶ 53 (emphasis added). This further supports my finding
> that Leslie had sufficient time to develop and discover the video evidence and is
> not now entitled to additional time to conduct discovery under Rule 56(d)."

The Plaintiff further cites to *Robben v. Carson City*, 2015 U.S. Dist. Lexis 35066, at *10

(D. Nevada Mar. 19, 2015).  In *Robben* plaintiff Todd Robben sued the Carson City

Sheriff's office, Carson City Justice Court Judge John Tatro ("Judge Tatro"),

Carson City District Attorney Neil Rombardo ("DA") and Deputy District Attorney

Travis Lucia (collectively referred to as "DA Defendants"), and a Carson City Jail doctor.

In the its order deny the 56 (d) Request the Court noted that Robben was a less than

motivated plaintiff.  Particularly failing to appear at a December 13th 2013 case

management conference.  In denying the 56(d) request the District of Nevada stated

"Plaintiff does not explain what facts he hopes to discover, or that those facts will raise

an issue of material fact. Plaintiff alludes to additional developments that have occurred

since he initiated this action, not what sought-after facts are essential to defeating

summary judgment."[3]

---

[3] *Robben* Case No. 3:13-cv-00438-MMD-VPC (D. Nev.) ECF No. 45 at 2:16-17 *(noting failure to appear)* and at 7:1-2 (EX. 1 Att. B.)

4

In *Leslie* and *Robben* there is a strong record of procedural shortcomings that warranted the denial of 56(d) relief.  Specifically noting in *Leslie*, a videotape (which was at the center of the 56(d) request) was known to exist for over 9 months prior to the close of discovery with no request having been made for its production.  The *Leslie* Court also noted that "I also deny Leslie's request because the information she seeks is both speculative and cumulative. First, Plaintiff admits that she does not know if Metro is in possession of the video, has lost it, is unable to locate it, or has destroyed it. Whether the footage exists—and what information it might provide—is thus purely speculative."[4]

### Discovery has been Diligently Pursued by Hanley

To avoid belaboring the point it should be noted that Hanley attempted to effectuate resolution on the matters at the crux of the 56(d) request well *before* discovery closed – 5 months in the case of the sought after e-mails addressed in Hanley's Motion to Compel (ECF. No.159).  As evidenced in Hanley's 56(d) Declaration there were numerous e-mails requesting the records from his personal e-mail account sent to counsel for McNamara Edward Chang ("Chang").  It wasn't until Hanley began requesting the assistance of the FTC in producing the records that any semblance of a response was sent to Hanley.  In fact, it was the FTC who, in a December 10th 2018 e-mail which directed Hanley back to McNamara's counsel stating *"evidence all should be preserved"*. (ECF No. 198-1 pg. 5.)  On December 11th 2018 Chang directs Hanley back to the FTC stating "If you request a copy of the….and americanhomeloans.com e-mails from the FTC, they should be able to provide you a copy". (ECF No. 198-1 pg. 6)

---

[4] *Leslie* ECF No. 58 at 8:8-11 (Attachment A to EX. 1.)

The key word here is *should* be able to provide you a copy.  The Receiver isn't supposed to direct Hanley back to the FTC – the Receiver is the one who, *by order of this Court*, is supposed to preserve *ALL* of the records.  A March 11th e-mail from FTC counsel itemized the e-mails accounts they chose to preserve the FTC's digital forensics unit preserved three @americanhomeloans.com e-mail accounts: pcysewski@americanhomeloans.com, aparkinson@americanhomeloans.com and audit@americanhomeloans.com.  (ECF No. 198-1 pg. 9.) While the FTC, *at their discretion* made an effort to ensure the preservation of the above @americanhomeloans.com e-mail accounts they did not, through their digital forensics unit preserve several other accounts – specifically Hanley's dedicated work e-mail jhanley@americanhomeloans.com.

### The Reality is that the e-mail Accounts may not Have Been Preserved as Ordered by this Court and Recovery may be Difficult

The motivation behind the FTC's thin diligence argument is that the Receiver did *not* preserve the accounts.  This is where we begin to see the sleight of hand tricks the FTC attempts to employ in an effort to get this Court to focus on other totally unrelated matters, because they *really* don't want you to look over at the central argument – that Hanley has *never* been given access to the requested @americanhomeloans.com e-mail account records.

Nowhere in their response does the FTC articulate where the spoiled @americahomeloans.com e-mail accounts might be found.  The FTC writes "As the Receiver evidenced in his opposition to Hanley's motion to compel (ECF No. 166 [sic]), the Receiver has provided Defendant Hanley with copies of all Receivership entity emails *in his possession* (ECF No. 302 at 3:19-21).  Immediately thereafter the FTC writes "The Receiver then noted he informed Defendant Hanley on December 11th 2018 and on December 15th 2018 that all e-mails imaged by the FTC could be obtained directly from the FTC and that the FTC had confirmed it

would make such e-mails available upon request (*Id.* at 3:21-4:2).  Again, the FTC could *not* produce what Hanley was asking for because they had *not* imaged or otherwise preserved those accounts – nor were they under any requirement to.  It was the Receiver who was *required* to – thus the need for the motion to compel the production of the e-mail accounts that Hanley *filed on December 4th 2018.*

What they avoid mentioning is that many of the @americanhomeloans.com are not, and may never have been, preserved by the Receiver- specifically Hanley's dedicated jhanley@americanhomeloans.com account among many others; some of which are evidenced in an employee list (ECF No. 303-4 Att. A).  However, there were many more accounts than those on that list.  There were approximately twenty-five @americanhomeloans.com e-mails account that were used.  The FTC preserved, at their discretion, three of them.

The Receiver could recover the accounts through Google, however the *5.00 per month* cost to preserve each e-mail account was not paid for by the Receiver so it is uncertain how long the records may be preserved.  Rather the efforts of the Receiver and his team were focused on assets, some of which were as marginal as a 2007 Chevy Suburban with 200,000 miles on it with a blue book value of approximately $4,500.

The FTC attempts to draw this Courts attention to other areas.  The FTC mentions that the Receiver allowed Hanley access to a storage unit where many paper documents were located that were physically on-site a t the time the TRO was enforced.  This is true and in a diligent manner Hanley secured records that he deemed relevant and hopefully this Court may find these records compelling.  Several records in that unit were used as exhibits in Hanley's 56(d) request and in response to summary judgment.  Specifically, 32 pages of dedicated lender contacts, servicer contacts, foreclosure attorney contacts and HUD contacts that the FTC has tried to make

this Court believe never existed and was just one of many fraudulent misrepresentations made to consumers by the defendants. (ECF No. 303-3 Att. M.)

However, the records from all of the @americanhomeloans.com accounts (or any for that matter) were nowhere to be found in the storage unit.  Furthermore, it has never been represented that the @americanhomeloans.com e-mail records were in the storage unit and there would be no reason for them to be found there since the most practical manner of preservation would be in their native electronic format.

It's perfectly clear the records are known to exist – or at least should still exist assuming the Receiver is dutifully performing upon the Order of this Court to take *all* steps necessary to preserve *all* evidence, records, documents etc.…not just records the FTC deemed prudent.

### The 4 Factors in a 56(d) Request have been Satisfied

In light of the above the obligations that need to be fulfilled to prevail in a Request for 56(d) relief have all been met.  (1) The request is timely (2) the request has specifically identified (3) relevant information which has much more than some basis for believing (4) the evidence sought actually exists.  *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

### The Authorities Plaintiff Cites are Laden with 56(d) Procedural Defects

Many of the authorities the FTC cites to are either unsupported by the required 56(d) declaration or there was no basis for convincing the Court the evidence actually exists. As discussed above in *Leslie* the Plaintiff was aware of the existence of video footage 9 months

before the close of discovery yet failed to act.  In *Sanderina* the District Court discusses

Plaintiffs speculation noting that "speculation is not evidence" [5]

Accordingly, Hanley would respectfully request that this Court reject the FTC's diligence

argument with respect to the e-mail accounts addressed in his Motion to Compel.

### The Information that is Sought Would Preclude Summary Judgement

Again, the FTC maintains the argument that the fraud is in the selling.  However,

defendants did not engage in fraudulent selling practices.  In the FTC's motion for summary

judgment SMF 43 references a 'purported' consumer whose loan modification approval is

actually *under represented* by the defendants and is attached to Hanley response (ECF 303-2 Att.

J pg. 57.) The defendant's website states that the consumer received a loan modification with an

interest rate of 2.5% (in actuality it was 2%) and it isn't mentioned anywhere that the consumer

client received $300,000 of deferred principal.

The additional discovery requested by Hanley would significantly assist in the Court in

agreeing that defendants did not make material misrepresentations to consumers.  All of which is

highly relevant to this case.  For example, the outstanding Requests for Admission of Fact ask

the FTC to admit to many *extremely* relevant matters.  Defendants 9th Request for Admission of

Fact addresses many consumer clients (but not all) who received deferred principal as a feature

of their loan modifications.  On October 28th 2019 Hanley produced a folder of 333 .pdf files that

correspond to each and every client identified in the 9th Request for Admission.  The files are

searchable by name and the amount of deferred principal.  A proper response by the Plaintiff was

---

[5] *see Sanderina, LLC v. Great Am. Ins. Co*. District of Nevada order denying 56(d) request for
failure to file a 56(d) declaration. (Dist. Nev. 2:18-cv-00772-JAD-DJA ECF 40 Sep. 11 2019 at
11:14-12:1-4.) EX. 1 Att. C.

not burdensome and there's no question that the records needed to respond in the affirmative to *all* of the RFA's exist.  Additionally, the FTC has had access to all of these records dating back to the January 12th 2018 enforcement of the TRO.  Evidence demonstrating the amount of deferred principal in these .pdf files will show a minimum of $20,000,000 of mortgage principal that was deferred at an interest rate of 0%. If defendants can establish that representations made to consumers were well founded and supported by years of their work product the *harsh* remedy of summary judgment may be precluded by issues of material fact. If the FTC responds to the Requests for Admission there can be no doubt that defendants did not make material misrepresentations.

The FTC has had a little bit of a reversal in now claiming they take no issue with the competence of the defendants.  If they take no issue with the competency of the defendants then surely the next step is to prove to this Court that the defendants weren't making pie in the sky claims as to previous results  Certainly, the e-mail accounts are material as it was an account that Hanley used for years in communications with his employees discussing loan files.  Again, the substance of the e-mail accounts is covered in detail in the underlying Request for 56(d) Relief.

In arguing that the sought after discovery would preclude summary judgement the FTC initially cites to several authorities.  In *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) 56(d) relief was denied by the District Court and affirmed by the 9th Circuit because Park Place failed to satisfy their diligence obligations when they failed to file timely motions to compel. ((Case: 06-56521 ECF No. 21-1 (EX. 1 Att. D.))   In *Family Home & Fin. Ctr.*  plaintiff was a mortgage broker doing business as Park Place Funding ("Park Place") and were placed, at the discretion of Freddie Mac, on an exclusionary list because of a high repayment rate of loans they were originating.  Park Place sued for intentional

interference with contract, unfair competition under California Business & Professions Code § 17200, and defamation.

In arguing for 56(d) relief Park Place stated that it needed "evidence of the criteria used to place entities on the Exclusionary List, as well as the entities placed on the Exclusionary List and the reasons for exclusion. The district court properly concluded that the evidence sought is only "generically relevant" (9th Cir. Case: 06-56521 ECF No. 21-1 pg. 9 ¶ 11.)  The exclusionary list is shared only with lenders and was created to minimize the purchase of loans that are not investment quality.  The District Court felt there was no evidence of malice and the 9th Circuit agreed – it was merely a business decision to protect their interests and the exclusionary list criteria would not be persuasive (*Id.* pg. 8 ¶ 8.)  The 9th Circuit further noted that park Place failed to satisfy their diligence obligations in failing to file a timely motion to compel. (*Id.* pg. 9 ¶ 11.)

In *Sanderina, LLC v. Great Am. Ins. Co.*, 2019 U.S. Dist. LEXIS 154760, at *13 (D. Nev. Sep. 11, 2019) the District Court skips any detailed analysis of the 56(d) Request because Plaintiff failed to attach a Rule 56(d) affidavit and for that reason alone it would deny the 56(d) Request because it "failed procedurally".   In light of that the District Court still noted that "the underwriting file, claims procedures, and Great American's witnesses do not bear on the key issue of whether the perpetrator accessed Sanderina's computer system." (*Sanderina* ECF No. 40 at 12:1-4)

In the instant matter Hanley's personal jhanley@americanhomeloans.com e-mail account records and those of all the other employees are highly relevant and this Court will find the records therein persuasive.  They will provide years of insight into Hanley's communications and instructions to his employees, insight as to how consumer files are evaluated and the thought

11

process behind crafting an initial idea as to what the consumer client could reasonably expect to end up with once their loan modification was perfected and records of e-mails wherein Hanley had to deny a request for assistance in the event the consumer was unqualified.  Please note that one the of the FTC's undercover phone calls the adviser tells the FTC agent she doesn't think she'll qualify because there didn't appear to be enough income to support the underlying mortgage once a loan modification was perfected.  There are several other undercover calls by the FTC wherein there is no question the 'consumers' were dealt with in a fair, truthful and ethical manner as noted in defendant's 56(d) request and response to summary judgment (ECF 295 at 4:2-9):

1. FTC rep asking one of defendant's advisers about talking with their lender: "*Absolutely you can talk to your lender.*" (PX28 – 632:19-20 & 633:20)

4. An adviser telling undercover FTC caller "And the only thing I question is your income. I'm a little worried as to them thinking, you know, it's good to be under 50 percent of income—" "But we'll definitely have to see, okay?" (PX22 --428:13-16)

3. FTC rep confirming she just received modification documents from Wells Fargo. The adviser replied: "*I don't want to do anything that will jeopardize*"( PX28 – 628:16-22)

The e-mail accounts will only cement that consumers were not misled as we can already see in *all of the FTC's undercover phone calls* the agent was dealt with fairly, truthfully and in compliance with MARS regulations. Th e-mail accounts *will* provide years of records of consumer communication which will convince this Court that the FTC's allegations are just plain wrong.

WHEREFORE, Jonathan Hanley respectfully submits this reply in asking the Court to grant his request for relief pursuant to Fed. R. Civ. P. 56(d).

Dated October 29th 2019 by:                    /s/Jonathan Hanley
                                                Jonathan Hanley

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 29th 2019 I filed a true and correct copy of the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR 56(D) RELIEF with the United States District Court for the District of Nevada *via* ECF and delivered same to all parties of interest *via* e-mail:

GREGORY A. ASHE
JASON SCHALL
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719
Facsimile: 202-326-3768
E-mail: gashe@ftc.gov; jschall@ftc.gov

DAYLE ELIESON
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787

Attorneys for Plaintiff Federal Trade Commission

ANDREW ROBERTSON
EDWARD CHANG
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619-269-0400
Facsimile: 619-269-0401
E-Mail: arobertson@mcnamarallp.com, echang@mcnamarallp.com

Attorneys for Thomas McNamara, Court-Appointed Receiver


/s/ Jonathan Hanley
Jonathan Hanley