Maria A. Gall (NV 14200)
gallm@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958
Tel.:   702-471-7000
Fax:   702-471-7070

Sanjay Bhandari (*Pro Hac Vice*)
sbhandari@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 900
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401
*Attorneys for Court-Appointed Receiver,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| FEDERAL TRADE COMMISSION, | Case No. 2:18-cv-00030-JCM-BNW |
|---|---|
| Plaintiff, | **DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF RECEIVER'S FINAL REPORT AND APPLICATION FOR: (1) DISCHARGE OF RECEIVER, AND (2) APPROVAL OF FINAL FEE APPLICATION** |
| v. | |
| CONSUMER DEFENSE, LLC, et al., | |
| Defendants. | |

I, Thomas W. McNamara, hereby declare as follows:

1. I am the Court-appointed Receiver in this matter. I have personal knowledge of the facts set forth in this declaration except where, as noted, those facts have been obtained by staff acting at my direction. If called as a witness, I could and would competently testify to the facts stated herein. I make this Declaration in support of the Final Report, Application for Discharge, and Approval of Final Fee Application.

2. I was appointed as the Receiver of the Receivership Entities on January 10, 2018 with the Court's entry of a Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue. *See* ECF No. 12 ("TRO"). My appointment was confirmed, and the temporary designation removed, by the Preliminary Injunction entered February 20, 2018 (ECF No. 55, "PI").

**Final Report**

3. I have completed my duties and filed a Final Report. That Final Report recounts a summary of my service as Receiver and incorporates by reference the prior reports, applications, and motions filed with the Court.

4. The Final Report also includes a Receipts and Disbursements Summary for the full period of my service through September 30, 2021 which indicates net cash in the receivership account of $1,116,016.57.

5. The professional services related to these activities are further detailed in the respective invoices submitted with this Fee Application.

**Final Fee Application**

6. Receivership activities during the 18-month period April 1, 2020 through September 30, 2021 covered by this Application include selling the real properties owned by Receivership Entities and resolving issues related to each, detailed analysis of the mortgage loans held by Receivership Entity American Home Loans, LLC ("AHL") and extensive communications with consumers to settle outstanding loans, identifying a buyer for the three

///

1

remaining defaulted mortgages, and selling the remaining assets (including two vehicles, artwork, and jewelry).

**Fees and Expenses of the Receiver and his Professional Staff**

7. The total fees for my time as Receiver and my professional staff during this period are $53,641.50 as set forth in the invoice from Regulatory Resolutions which is attached as Exhibit B. That invoice includes services provided by the following personnel:

    a. Receiver. My fees as Receiver total $7,387.50 which reflect a total of 19.7 hours at $375 per hour (a large discount from my standard rate of $595 per hour). During this period, I coordinated and reviewed activities of the receivership team, including many functions for which I did not bill.

    b. Accountant. Lisa Jones is a Certified Insolvency and Restructuring Advisor and Certified Fraud Examiner with more than 20 years' experience in the insolvency and restructuring industry with a wide range of experience in forensic accounting, litigation support, and discovery. She worked extensively on the AHL mortgage portfolio, performing a detailed analysis of Receivership Entities' records to understand the background of each mortgage or promissory note, the loan costs incurred by Mr. Hanley, and the payment history, as well as confirming the chain of title for each mortgage, and the specific recording requirements for mortgages that reached settlement with the Receiver. She also analyzed and reconciled the financial reports and bank statements provided by the property manager for the Park City Condo. Her fees of $46,254.00 reflect 237.2 hours at $195 per hour.

8. The invoice from Regulatory Resolutions also includes expenses totaling $827.64, as detailed in Exhibit B. The principal components of those expenses are related to FedEx charges related to resolution of the AHL mortgages and asset sales ($543.86) and notary services also related to resolution of the AHL mortgages ($255.00).

///

2

**Fees and Expenses of the Receiver's Counsel McNamara Smith LLP**

9. The fees for my counsel, McNamara Smith LLP ("McNamara Smith"), are $83,125.00, detailed in Exhibit C. The McNamara Smith attorneys have substantial experience with issues revolving around regulatory receiverships and has been directly involved in all receivership activities and their services are more thoroughly described in the invoices in Exhibit 2. In particular, during this period activities included overseeing the sale of both the Park City Condo (including resolution of Velocity Capital's payoff demand) and the Sandy Office Building (including negotiating and reaching a resolution with Olmsted Capital, LLC regarding the outstanding promissory note), working with consumers holding mortgages or promissory notes in the AHL mortgage loan portfolio, research and vetting of companies to sell the three remaining AHL defaulted mortgages, and selling remaining assets.

10. Mr. Greene's fees of $57,060.00 reflect 126.8 hours at $450 per hour; Mr. Chang's fees of $12,075.00 reflect 34.5 hours at $350 per hour; Ms. Gordon's fees of $5,135.00 reflect 15.8 hours at $325 per hour; legal analyst Mr. Magee's fees of $350.00 reflect 2 hours at $175 per hour; and paralegal Ms. Carroll's fees of $8,505.00 reflect 48.6 hours at $175 per hour.

11. The invoice from McNamara Smith also includes expenses of $212.49, as detailed in Exhibit C. The primary components of those expenses relate to online research ($129.39) and postage ($68.10).

**Fees and Expenses of the Receiver's Local Counsel Ballard Spahr LLP**

12. The fees for my local counsel, Ballard Spahr LLP, are $141.52, as detailed in Exhibit D. Ballard Spahr acts as local Nevada counsel and provided assistance in various court filings.

13. I submit to the Court that the identified services provided by me, as Receiver, and by the other designated professionals, were necessary and appropriate and brought significant value to the receivership. I have monitored the efforts of the team and have reviewed and approved the invoices which are the subject of this Final Fee Application. I request that the Court approve immediate payment of these invoices.

///

14. I have not entered into any agreement, written or oral, express or implied, with any other person concerning the amount of compensation paid or to be paid from the assets of the estate, or any sharing thereof.

**Discharge**

15. The Final Fee Application also seeks authorization to hold back $10,000 as a reserve for final administrative costs, *e.g.*, document and electronics storage costs through the resolution of Sandra and Jonathan Hanley's appeal and further proceedings, if any, in this Court (the "appeal"), removal and destruction of computer hard drives, and document destruction costs, which may be expended without further order of the Court. Ninety (90) days following resolution of Sandra and Jonathan Hanley's appeal, any unexpended funds from that reserve shall be disbursed to Plaintiff Federal Trade Commission. If the invoices in this Final Fee Application are approved for payment in full, and the requested reserve of $10,000 is approved, net cash for immediate transfer to the FTC will be $968,068.42.

16. Having completed my assignment as Receiver with the sole exception of maintaining possession of the Receivership Entities' business records until the resolution of Sandra and Jonathan Hanley's appeal, and having duly filed my Final Report, I request that the Court discharge me as set forth in the proposed Order submitted with this Application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of October, 2021, in San Diego, California.

/s/ THOMAS W. MCNAMARA
Thomas W. McNamara