UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CONSUMER DEFENSE, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:18-cv-00030-JCM-BNW<br><br>**ORDER DISCHARGING RECEIVER AND APROVING RECEIVER'S FINAL FEE APPLICATION** |

　　　　Before the Court is the Receiver's Application for Discharge and Approval of Final Fee Application.  Mr. McNamara was appointed Receiver by the Temporary Restraining Order entered January 10, 2018 (ECF No. 12) and that appointment was confirmed by the Preliminary Injunction entered February 20, 2018 (ECF No. 55).

　　　　Upon application of the Receiver and good cause appearing therefore, the Court hereby ORDERS:

　　　　1.　　The Receiver's Final Report dated October 4, 2021 is hereby accepted and approved.

　　　　2.　　The Receiver's Final Fee Application for the 18-month period April 1, 2020 through September 30, 2021, is hereby approved and the Receiver is authorized to make payments as follows:  $53,641.50 fees and $827.64 expenses to the Receiver and his staff payable to TWM Receiverships, Inc. dba Regulatory Resolutions; $83,125.00 fees and $212.49

1

expenses to Receiver's counsel McNamara Smith LLP; and $141.52 fees to Receiver's local counsel Ballard Spahr LLP.

3. The Receiver is authorized to hold back a reserve of $10,000 to cover final administrative fees and costs, *e.g.*, document and electronics storage costs through resolution of Sandra and Jonathan Hanley's appeal and further proceedings, if any, in this Court (the "appeal"), removal and destruction of computer hard drives, and document destruction costs, and may expend those funds without further order of the Court, and thereafter shall remit any unexpended funds to the Federal Trade Commission.

4. Within five business days of entry of this Order, the Receiver shall transfer all remaining funds, after deductions for the fees and expenses approved in Paragraph 2 and the reserve approved in Paragraph 3, in the amount of $968,068.42, to Plaintiff Federal Trade Commission.

5. The Receiver shall retain any business records, including electronic media, and computer hard drives, of Receivership Entities now in his possession until 90 days after resolution of Sandra and Jonathan Hanley's appeal.

6. With regard to all customer records, defined as any records which contain information provided by a consumer to obtain a financial-related good or service from the Receivership Entities, information about a consumer resulting from any transaction involving a financial-related good or service provided by the Receivership Entities, or information otherwise obtained by Receivership Entities in connection with providing a financial-related good or service to a consumer ("Customer Records"), if required to be destroyed, the Customer Records will be destroyed in the following manner: (a) paper documents containing Customer Records shall be shredded so that the information cannot be read or reconstructed, and (b) electronic records or media containing Customer Records shall be destroyed or erased so that the information cannot be read or reconstructed.

7. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership Estate are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

2

8. The acts, transactions, and actions of Thomas W. McNamara as Receiver as disclosed in the pleadings filed with the Court in this matter are confirmed and approved as being in the best interests of the Receivership Estate.

9. Thomas W. McNamara is hereby discharged as Receiver in all respects other than his obligation to maintain possession of the Receivership Entities' business records until the conclusion of Sandra and Jonathan Hanley's appeal.

10. Thomas W. McNamara is released and exonerated from all further duties, liabilities, and responsibilities as Receiver other than his obligation to maintain possession of the Receivership Entities' business records until the conclusion of Sandra and Jonathan Hanley's appeal. Mr. McNamara and the professionals retained by him as Receiver shall have no personal liability of any nature for any act, omission, or matter pertaining to the receivership.

11. This Court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership, and the Receivership Estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney, or representative of the Receiver, arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

12. Upon the conclusion of Sandra and Jonathan Hanley's appeal, the Receiver's bond is exonerated.

///
///
///
///
///
///

3

13. The receivership is terminated in all respects other than the Receiver's obligation to maintain possession of the Receivership Entities' business records until the conclusion of Sandra and Jonathan Hanley's appeal, after which all aspects of the receivership will be terminated.

IT IS SO ORDERED.

DATED October 12, 2021.

_____
James C. Mahan
United States District Judge