**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff-Appellee,<br><br> v.<br><br>SANDRA X. HANLEY, in her individual and corporate capacity,<br><br>      Defendant-Appellant,<br><br> and<br><br>CONSUMER DEFENSE, LLC, Nevada limited liability company; et al.,<br><br>      Defendants. | No.   20-15143<br><br>D.C. No.<br>2:18-cv-00030-JCM-BNW<br><br>MEMORANDUM[*] |
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff-Appellee,<br><br> v.<br><br>JONATHAN P. HANLEY, in his individual and corporate capacity,<br><br>      Defendant-Appellant, | No.   20-15144<br><br>D.C. No.<br>2:18-cv-00030-JCM-BNW |

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

CONSUMER DEFENSE, LLC, Nevada limited liability company; et al.,

Defendants.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 13, 2022**
Pasadena, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,*** District Judge.

Sandra X. Hanley and Jonathan P. Hanley ("the Hanleys") appeal from the district court's order granting a permanent injunction and monetary judgment against them in an action brought by the Federal Trade Commission ("FTC"). We have jurisdiction under 28 U.S.C. § 1291, and we vacate in part and remand.

At summary judgment, the district court found no genuine dispute that the Hanleys had "preyed on financially distressed homeowners by luring them into signing contracts for mortgage assistance relief services," in violation of a rule

---

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

promulgated by the Consumer Financial Protection Bureau ("CFPB") known as "Regulation O." 12 C.F.R. § 1015.  The district court enjoined the Hanleys from engaging in various predatory practices and ordered them and their companies to pay $18,428,370, the total revenues from their unlawful practices less refunds and chargebacks.

The only issue on appeal is whether the district court's monetary judgment can survive the Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021).  *AMG*, decided during the pendency of this appeal, held that the FTC may not obtain equitable monetary relief under section 13(b) of the Federal Trade Commission Act ("FTC Act").  *Id.* at 1352.  We must therefore vacate the district court's grant of monetary relief under section 13(b), 15 U.S.C. § 53(b).  But the FTC may still obtain restitution on behalf of consumers under section 19 of the FTC Act, which authorizes courts to order "such relief as the court finds necessary to redress injury to consumers," including monetary damages, provided the FTC follows certain procedures.  15 U.S.C. § 57b(b); *see also AMG*, 141 S. Ct. at 1352.

The parties' essential dispute is factual, not legal.  The Hanleys contend that, in the district court, the FTC relied *solely* on section 13(b) to obtain monetary relief and expressly waived any reliance on section 19.  The FTC maintains that it brought the action under both section 13(b) and section 19, that it never waived

3

reliance on section 19, and that the district court's judgment rested on both grounds. For the reasons that follow, we hold that the FTC did not waive reliance on section 19.

The FTC brought this action under section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Dodd-Frank Wall Street Reform and Consumer Protection ("Dodd-Frank") Act, 12 U.S.C. § 5538. The Dodd-Frank Act authorizes the CFPB to issue rules with respect to mortgage lending, § 5538(a)(1), and authorizes the FTC to enforce those rules "in the same manner, by the same means, and with the same jurisdiction, as though all applicable terms and provisions of the Federal Trade Commission Act were incorporated into and made part of this section," § 5538(a)(3). Dodd-Frank therefore allows the FTC to enforce the CFPB's Regulation O through all the mechanisms available under the FTC Act—including both section 13(b) and section 19. Although the FTC did not expressly invoke section 19 in its Complaint, it preserved the option of pursuing a judgment under that authority by expressly relying on the Dodd-Frank Act.[1]

The Hanleys contend that the FTC later waived its section 19 authority. In its motion for summary judgment, the FTC argued that Defendants could not

---

[1] Appellants do not argue in their opening brief that such incorporation by reference is impermissible, nor have they cited any authority to that effect. We do urge the FTC to make any reliance on section 19 more explicit in its complaints in the future.

4

"recast this [s]ection 13(b) action as an action under [s]ection 19(d) of the FTC Act" to invoke the latter provision's statute of limitations. But at the time of the district court proceedings, circuit law permitted the FTC to obtain monetary judgments under section 13(b), which contained no statute of limitations. *FTC v. AMG Cap. Mgmt., LLC*, 910 F.3d 417, 426 (9th Cir. 2018), *rev'd*, 141 S. Ct. 1341 (2021). Section 19's statute of limitations was therefore irrelevant to the pursuit of a monetary judgment under section 13(b), and the FTC's argument to that effect was not a blanket waiver of its separate authority under section 19.

We conclude that the FTC has preserved the ability to seek a monetary judgment against the Hanleys under section 19 of the FTC Act. Because the district court awarded monetary relief under section 13(b) without discussing section 19, we remand to the district court to consider in the first instance whether an award is appropriate here under section 19 of the FTC Act.

Accordingly, we VACATE the district court's monetary judgment and REMAND for further proceedings. Each party shall bear its own costs.