1

2    J. REILLY DOLAN
3    Acting General Counsel
     GREGORY A. ASHE
4    Federal Trade Commission
     600 Pennsylvania Avenue NW
5    Washington, DC 20580
     Telephone: 202-326-3719 (Ashe)
6    Facsimile: 202-326-3768
7    Email: gashe@ftc.gov

8    CHRISTOPHER CHIOU
     Acting United States Attorney
9    BLAINE T. WELSH
     Assistant United States Attorney
10   Nevada Bar No. 4790
11   501 Las Vegas Blvd. South, Suite 1100
     Las Vegas, Nevada 89101
12   Phone: (702) 388-6336
     Facsimile: (702) 388-6787
13

14   Attorneys for Plaintiff

15              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
16

17   **FEDERAL TRADE COMMISSION**,

18          Plaintiff,                          **Case No. 2:18-cv-00030-JCM-BNW**

19          v.                                  **FTC'S MOTION FOR ENTRY OF**
                                                **MONETARY JUDGMENT**
20   **CONSUMER DEFENSE, LLC, _et al._**,       **AGAINST DEFENDANTS**
                                                **JONATHAN AND SANDRA**
21          Defendants.                         **HANLEY AND MEMORANDUM**
                                                **IN SUPPORT THEREOF**
22

23          The Federal Trade Commission ("FTC"), by and through its undersigned counsel, hereby

24   moves the Court for an order entering monetary judgment in this case in the amount of

25   $11,906,792, pursuant to Section 5538 of the Dodd-Frank Wall Street Reform and Consumer

26   Protection Act ("Dodd-Frank Act"), 12 U.S.C. § 5538, and Section 19 of the FTC Act, 15 U.S.C.

27   § 57b, against Defendants Jonathan Hanley and Sandra Hanley for their multiple violations of

1

the CFPB's Regulation O (also known the Mortgage Assistance Relief Services Rule), 12 C.F.R. Part 1015.

## I.   PROCEDURAL HISTORY

The Federal Trade Commission ("FTC") filed its complaint (ECF No. 1) on January 8, 2018, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 5538 of the Dodd-Frank Act, 12 U.S.C. § 5538, to halt an unlawful mortgage assistance relief services scam that bilked consumers out of more than $18 million.  Defendants targeted distressed homeowners with false promises that they would obtain mortgage modifications that would make consumers' mortgages more affordable.  Defendants also represented that they were affiliated with or endorsed by the government or consumers' lenders.  In addition, Defendants instructed consumers to not pay their mortgages and not contact or respond to their lenders, failed to make required disclosures, and collected hefty illegal advance fees from consumers.  Despite their lofty promises and the extraction of thousands of dollars from individual consumers, many victimized consumers found themselves worse off, with months of penalties, interest, and missed payments added to their mortgages, and in some cases, have faced foreclosure, bankruptcy, and the loss of their homes.  The FTC alleged that these practices violated Section 5 of the FTC Act, 15 U.S.C. § 45, and multiple provisions of Regulation O, 12 C.F.R. Part 1015.

On January 10, 2018, on motion by the FTC, the Court entered an *ex parte* temporary restraining order with asset freeze, appointment of a receiver, and other equitable relief.  (ECF No. 12.)  On February 20, 2018, after a hearing held on February 15, 2018, the Court entered a preliminary injunction continuing the terms of the temporary restraining order.  (ECF No. 55.)

On July 15, 2019, the FTC moved the Court for summary judgment on the grounds that there were no genuine issues of material fact requiring a trial.  (ECF No. 255.)  On December 5, 2019, the Court granted the FTC's motion for summary judgment and entered its Order for

Permanent Injunction and Monetary Judgment ("Final Order"). [1]  (ECF No. 320.)  In addition to a permanent injunction, the Final Order imposed a monetary judgment against the Corporate Defendants and individual Defendants Jonathan and Sandra Hanley in the amount of $18,428,370.

Individual Defendants Jonathan and Sandra Hanley timely appealed the Final Order. (ECF Nos. 327, 328, 330.)  The Corporate Defendants did not appeal the Final Order.[2]  In their appeal, the Hanleys did not challenge the Court's findings that they violated the FTC Act or Regulation O.  Their sole argument on appeal was that that Court lacked the power to order monetary relief under Section 13(b) of the FTC Act.  During the pendency of the appeal, the Supreme Court ruled in *AMG Capital Mgmt. v. FTC*, 141 S. Ct. 1341 (2021), that Section 13(b) does not allow monetary remedies.

On January 20, 2022, the Ninth Circuit entered its decision on the Hanleys' appeal.  *FTC v. Hanley*, 2022 U.S. App. LEXIS 1632 (9th Cir. Jan. 20, 2022).  The Ninth Circuit noted that, although *AMG Capital Mgmt*. precluded monetary relief under Section 13(b), the FTC can still obtain monetary relief under Section 19 of the FTC Act.  *Hanley*, 2022 U.S. App. LEXIS 1632 at *2.  The Ninth Circuit also held that the FTC preserved its ability in this case to seek monetary relief under Section 19 but concluded that it is was unclear whether the Court entered monetary relief solely under Section 13(b) of the FTC Act.  *Id*. at *4.  Accordingly, the Ninth Circuit

---

[1] The Final Order was entered against corporate defendants Consumer Defense, LLC (Nevada), Consumer Link, Inc., Consumer Defense, LLC (Utah), Preferred Law, PLLC, American Home Loan Counselors, Consumer Defense Group, LLC, American Home Loans, LLC, AM Property Management, LLC, FMG Partners, LLC, Brown Legal, Inc., and Zinly, LLC (collectively, "Corporate Defendants") and individual defendants Jonathan and Sandra Hanley.  The Court previously on June 5, 2018 entered a Stipulated Order for Permanent Injunction and Monetary Judgment against the other defendant, Benjamin Horton.  (ECF No. 111.)

[2] Accordingly, the Final Order, including the monetary judgment and continuation of receivership provisions, remains in full force and effect as to the Corporate Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

vacated the monetary judgment[3] against the Hanleys and remanded back to this Court "to consider in the first instance whether an award is appropriate here under section 19 of the FTC Act." *Id*.

## II. THE COURT MAY ENTER JUDGMENT PURSUANT TO THE DODD-FRANK ACT AND SECTION 19 OF THE FTC ACT

### A. The Dodd-Frank Act and Section 19 of the FTC Act Authorize the Court to Order Monetary Relief for Violations of Regulation O

This Court's authority to order monetary redress for the victims of the Hanleys' mortgage-relief scam flows directly and inescapably from the interaction between the Dodd-Frank Act and the FTC Act.

The operative section of the Dodd-Frank Act is found at 12 U.S.C. § 5538, which both authorized the Consumer Financial Protection Bureau to prescribe Regulation O's rules for mortgage-assistance services and specifies how such rules may be enforced. *See* 12 U.S.C. §§ 5538(a)(1), 5538(a)(3); s*ee* 12 C.F.R. Part 1015. Section 5538 states that "[a]ny violation" of such rules "shall be treated as . . . a violation of a rule under section 18 of the Federal Trade Commission Act." 12 U.S.C. § 5538(a)(1). It states further that the FTC "shall enforce" such rules "in the same manner, by the same means, and with the same jurisdiction, as though all applicable terms and provisions of the Federal Trade Commission Act were incorporated into and made part of this section." 12 U.S.C. § 5538(a)(3). As the Ninth Circuit held, "Dodd-Frank therefore allows the FTC to enforce the CFPB's Regulation O through all the mechanisms available under the FTC Act—including both section 13(b) and section 19. *Hanley*, 2022 U.S. App. LEXIS 1632 at *3.

---

[3] Because the Hanleys only appealed the monetary judgment, the injunctive provisions of the Final Order remain in full force and effect.

4

Under Section 19, the court in a case alleging such rule violations "shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers . . . resulting from the rule violation."  15 U.S.C. § 57b(b).  That relief may include (but is not limited to) "the refund of money or return of property."  *Id.*   As the Ninth Circuit further held, that authority was not affected by *AMG;* even after the Supreme Court's ruling, "the FTC may still obtain restitution on behalf of consumers under section 19 of the FTC Act." 2022 U.S. App. LEXIS 1632 at *2.

**B.  The Court Should Enter A Monetary Judgment Of $11,906,792.**

When this Court granted the FTC's motion for summary judgment and entered the Final Order, it expressly found that monetary relief was appropriate to redress the harm caused by the Hanleys' multiple violations of Regulation O, including (a) taking illegal advance fees (ECF No. 320 at 8, Finding 30); (b) telling consumers not to communicate with their lender or servicer (ECF No. 320 at 8-9, Finding 31); and (c) misrepresenting material aspects of their services, including (i) the likelihood that Defendants would obtain mortgage loan modifications for consumers that would make their payments substantially more affordable (ECF No. 320 at 9, Finding 32), (ii) that Defendants were affiliated with or endorsed by the government or lenders (ECF No. 320 at 9, Finding 33), and (iii) that consumers did not need to continue making mortgage payments.  (ECF No. 320 at 9, Finding 34.)[4]  In addition, the Court expressly found that the Hanleys had the requisite control and knowledge to hold them individually liable for monetary relief.   (ECF No. 320 at 4-5, Findings 17, 18, 19, 20, and 21.)

These violations of Regulation O caused significant consumer harm.  For example, advising consumers to stop communicating with their lenders can deprive consumers "of critical

---

[4] The Court also found that Defendants failed to make critical disclosures in their general and consumer-specific commercial communications.  (ECF No. 320 at 10, Findings 35, 36, and 37.)

information about (1) possible work-out options, (2) the veracity of the provider's claims, (3) whether the provider is actually performing, and (4) in some cases, that foreclosure and the loss of their homes is imminent." 75 FR 75092, 75106 (Dec. 1, 2010). And the prohibition on advance fees reflects that "[c]onsumers in financial distress suffer monetary harm—in the hundreds or thousands of dollars—when, following sales pitches frequently characterized by high pressure and deception, they use their scarce funds to pay in advance for promised results that rarely materialize." *Id*. at 75116. Meanwhile, the required disclosures provide "material information to prevent deception and thereby assist consumers in making informed decisions about purchasing mortgage assistance relief services." *Id*. at 75111. Finally, Defendants' express claims regarding the efficacy of their mortgage assistance relief services, their affiliation with the government or specific lenders, and consumers' obligations to make scheduled mortgage payments are the types of material claims that "involve information that is important to consumers," *FTC v. Cyberspace.com LLC*, 453 F. 3d 1196, 1201 (9th Cir. 2006), especially when consumers were deciding whether to purchase Defendants' services. Accordingly, not only does the Court have the authority to enter monetary relief for these violations under Section 19 of the FTC Act but it is appropriate for the Court to do so.

The court calculated the monetary judgment of $18,428,370 from data showing the Hanleys' net revenues for the five-year period from January 2013 to January 2018. Section 19(d) of the FTC Act, however, imposes a three-year statute of limitations, which Defendants timely raised in their original action, as a limitation on the judgment amount. 15 U.S.C. § 57b(d). Accordingly, the Commission proposes that the Court enter a judgment based solely on the Hanleys' violations of Regulation O for the three years prior to the Commission's Complaint, that is, January 8, 2015 through January 8, 2018. As shown in the data previously filed with the

1

2   FTC's motion for summary judgment, that amount is $11,906,792.  (See ECF No. 255-21 at 30 ¶

3   60.[5])

4
    **III.    CONCLUSION**
5
            Accordingly, for the reasons set forth herein, the FTC respectfully requests that this Court
6
7   grant its motion and enter judgment against Defendants Jonathan and Sandra Hanley in the

8   amount of $11,906,792.  A proposed order is filed herewith.

9

10  Dated: January 27, 2022                    Respectfully submitted,

11                                             J. REILLY DOLAN
                                               Acting General Counsel
12
                                               */s/ Gregory A. Ashe*
13                                             GREGORY A. ASHE
                                               Federal Trade Commission
14                                             600 Pennsylvania Avenue NW
                                               Washington, DC 20580
15                                             Telephone: 202-326-3719 (Ashe)
                                               Facsimile: 202-326-3768
16                                             Email: gashe@ftc.gov

17
                                               CHRISTOPHER CHIOU
18                                             Acting United States Attorney
                                               BLAINE T. WELSH
19                                             Assistant United States Attorney
                                               Nevada Bar No. 4790
20                                             501 Las Vegas Blvd. South, Suite 1100
                                               Las Vegas, Nevada 89101
21                                             Phone: (702) 388-6336
                                               Facsimile: (702) 388-6787
22
23
                                               *Attorneys for Plaintiff*
24                                             FEDERAL TRADE COMMISSION

25

26

27

---

[5] This calculation assumes a 358/365 pro rata portion for 2015.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 27, 2022, true and correct copies of (1) **FTC'S MOTION FOR ENTRY OF MONETARY JUDGMENT AGAINST DEFENDANTS JONATHAN AND SANDRA HANLEY** AND MEMORANDUM IN SUPPORT THEREOF **AND (2) [proposed] ORDER ENTERING MONETARY JUDGMENT AGAINST DEFENDANTS JONATHAN AND SANDRA HANLEY** were filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/Gregory A. Ashe*
Attorney for Plaintiff Federal Trade Commission