# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:18-CV-30 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| CONSUMER DEFENSE, LLC, et al., | |
| Defendant(s). | |

Presently before the court is Jonathan and Sandra Hanley (the "Hanleys")'s motion to enforce judgment. (ECF No. 399). The Federal Trade Commission (the "FTC") filed a response (ECF No. 400), to which the Hanleys replied (ECF No. 401).

**I.   Background**

The FTC commenced this action on January 8, 2018, under section 13(b) of the FTC Act and section 5538 of the Dodd-Frank Act, against the defendants, seeking a permanent injunction and other fair solutions. (ECF No. 1).

On December 5, 2019, the court granted summary judgment in favor of FTC and awarded a monetary judgment of $18,428,370 against defendants. (ECF No. 320). The order on summary judgment included findings of fact and conclusions of law, but the Hanleys appealed only the monetary award, arguing the court did not have the authority to grant monetary relief under section 13(b). (*See* ECF Nos. 320, 328, 330).

While the matter was on appeal, the Supreme Court ruled in *AMG Capital Management v. FTC*, finding that section 13(b) indeed prohibits monetary awards. 141 S.Ct. 1341 (2021). The Ninth Circuit accordingly partially reversed and remanded, instructing this court to determine whether an award under section 19 of the FTC Act would be warranted. (ECF No. 370; *see id*.).

**James C. Mahan**
**U.S. District Judge**

...

On remand, this court found that an award is appropriate, but amended the award to $11,906,792 in accordance with certain limitations of section 19. (ECF No. 397 (citing *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595 (9th Cir. 1993)).

Pursuant to this court's order, the FTC intends to issue refund checks to approximately 6,400 consumers on a pro rata basis. (*See* ECF Nos. 397, 399-1). Each of these consumers were the subject of the conduct of the Hanleys and corporate defendants that was found to have violated the FTC Act. (*See* ECF No. 320). The Hanleys object and submit that the court intended for the FTC to initiate a claims process to determine which consumers had actually been harmed before providing redress. (ECF Nos. 399, 399-1).

**II.      Legal Standard**

Federal courts retain an inherent power to enforce their judgments. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Without this inherent power, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356 (quoting *Riggs v. Johnson Cnty.*, 13 U.S. 166, 187 (1867)).

**III.     Discussion**

The Hanleys argue that a claims process is necessary to avoid improperly providing redress to "satisfied customers." (ECF No. 399). They maintain that while the findings of this court establish *reliance*, they do not establish *harm* for each individual on the consumer list being used by the FTC, and a claims process is thus required to appropriately award redress. (*Id.*).

However, this court has already found that consumers have been injured. (*See* ECF No. 320 ("Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act of Regulation O.")). The Hanleys violated the FTC Act and harmed consumers by, *inter alia*, (1) prematurely requesting and collecting payment; (2) instructing consumers that they cannot or should not contact or communicate with their lenders or services; (3) failing to make required disclosures; and (4) misrepresenting material aspects of the services offered. (ECF No. 320 at 8–10).

Relying on a phrase from this court's order stating that any monetary award "may only be used as necessary to redress consumers who make a valid claim," the Hanleys argue that the court

intended for a claims process to be used. (ECF No. 399 (quoting ECF No. 397)). But the court has already determined that the consumers have been injured. (*See* ECF No. 320). A claims process now would only place an extra burden of proof on injured consumers, which is unnecessary, unjust, and inequitable. (*See id.*).

Further, the court was clear when it stated that the Hanleys have no right to challenge the actions the FTC or its representatives may take when using the funds for redress. (ECF No. 397). Since the FTC intends to use the funds in a manner that provides redress to harmed consumers in accordance with this court's order and judgment, the Hanleys have no right to challenge the actions the FTC takes to provide such redress. (*See id.*).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Hanleys' motion to enforce judgment (ECF No. 399) be, and the same hereby is, DENIED.

DATED July 27, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**